# Exhibit A



The Official Website of the Attorney General of Massachusetts

# Attorney General
# Maura Healey

🏠 Home > Public Safety > Assault Weapons Ban Enforcement

## Assault Weapons Ban Enforcement

Attorney General Maura Healey has issued a notice to all gun sellers and manufacturers in Massachusetts, warning that her office is stepping up enforcement of the state's assault weapons ban, including a crackdown on the sale of copycat weapons.

The enforcement notice clarifies what constitutes a "copy" or "duplicate" weapon under the assault weapons ban. Copies or duplicates of banned assault rifles, including copies of the Colt AR-15 and the Kalishnikov AK-47, are prohibited by the Massachusetts assault weapons ban. Despite the law, an estimated 10,000 copycat assault weapons were sold in Massachusetts in 2015 alone.

The loophole in the Mass assault weapons ban - Op-Ed by Attorney General Healey as it appeared in the July 20, 2016 Boston Globe 📄

AG Healey Announces Enforcement of Ban on Copycat Assault Weapons

Remarks of Attorney General Healey 📄

Attorney General's Assault Weapons Enforcement Notice 📄

Guns That Are Not Assault Weapons

| AG Letter & Guidance | Questions & Answers | Support for Ban | Images |
|---|---|---|---|

Massachusetts law prohibits sale and possession of Assault Weapons. G.L. c. 140, §§ 128 and 131M. Sale by a business of any weapon that the buyer is not permitted to possess also violates the state consumer protection act, G.L. c. 93A.

On July 20, 2016, the Attorney General issued an Enforcement Notice on Prohibited Assault Weapons that provides gun manufacturers, licensed dealers, and the public with guidance on the Assault Weapons ban. In particular, the notice explains how the Attorney General identifies weapons that are prohibited as "copies" or "duplicates" of the enumerated banned Assault Weapons that are listed in Massachusetts law.

The full text of the Enforcement Notice, issued on July 20, 2016, is available here 📄. These FAQs are intended to summarize the Enforcement Notice, but in case of any inconsistency, the Enforcement Notice controls.

**Q: What type of weapons are prohibited as "copies or duplicates" of the Assault Weapons listed in G.L. c. 140, § 121?**

- Under Massachusetts law, Assault Weapons are defined in several ways. Among other things, the law sets out a list of weapons, by make and model, that are prohibited. The law further states that "copies or duplicates" of the listed weapons are also banned. Separately, there is a list of features that make certain guns Assault Weapons.

- The Attorney General's Enforcement Notice describes two tests the AGO uses to identify guns that are "copies or duplicates" because those guns are sufficiently similar to be considered "copycats" of the listed guns.

- As explained in the Notice, "copies" or "duplicates" of banned Assault Weapons include semiautomatic weapons that can accept a detachable ammunition magazine and that meet one of the following tests:

    - The weapon's internal functional components are substantially similar to the construction or configuration of a weapon that is expressly banned under the law (such as a Colt AR-15 or a Kalashnikov AK-47);

        OR

    - The weapon has a receiver that includes or accepts key operating components that are interchangeable with those of a banned weapon. The relevant operating components may include, but are not limited to:

        1) the trigger assembly;

        2) the bolt carrier or bolt carrier group;

        3) the charging handle;

        4) the extractor or extractor assembly; or

        5) the magazine port.

Q: Does the Enforcement Notice affect the legality of the sale of receivers for Assault Weapons if the gun is not built out?

- Yes. If the receiver is for a weapon that would meet one of the tests described above, it will be treated as an Assault Weapon and it cannot be sold in Massachusetts.

Q: I am a law enforcement officer. Does the notice affect me?

- No. The notice does not change the law with respect to ownership of Assault Weapons by law enforcement officers. Your existing right to buy and possess Assault Weapons remains protected under Massachusetts law.

Q: I am a dealer. May I re-stock my inventory of Assault Weapons for sales exclusively to law enforcement officers?

- No. However, you may take orders for sales of Assault Weapons to law enforcement officers, and you may obtain those weapons from your distributor and possess them until you complete the transfer. When you do so, you must retain information sufficient to verify that the transferee is a law enforcement officer.

Q: Are there examples or categories of weapons that are not copies or duplicates of Assault Weapons?

- Yes. Many rifles, shotguns, and pistols are not copies or duplicates of enumerated Assault Weapons. For example, the following are not copies or duplicates under G.L. c. 140, § 121:
    - Any handgun on the August 2016 version of the state's Approved Firearms Roster, available here.
    - Handguns are still subject to MA 940 CMR 16.00 *et seq* Consumer Protection Regulations;
    - Any .17 or .22 caliber rimfire rifle;
    - Any Ruger Mini 14 or substantially similar model weapon;
    - Any Springfield Armory M1A or substantially similar model weapon;
    - Any of the hundreds of rifles and shotguns on this list —Appendix A to 18 U.S.C. § 922, as appearing on September 13, 1994;
    - Any weapon that is operated by manual bolt, pump, lever, or slide action;
    - Any weapon that is an antique, relic, or theatrical prop;
    - Any semiautomatic rifle that *cannot* accept a detachable magazine that holds more than five rounds of ammunition;
    - Any semiautomatic shotgun that *cannot* hold more than five rounds of ammunition in a fixed or detachable magazine.
- This list is not exhaustive; it is meant for illustrative purposes only. Many other weapons are not Assault Weapons or copies or duplicates of Assault Weapons.

Q: Are any .17 or .22 caliber rimfire rifles affected by the Enforcement Notice?

- No. However, a weapon that is manufactured as an Assault Weapon cannot be made legal by alterations that allow it to discharge .17 or .22 caliber ammunition.

Q: Does the Enforcement Notice change which semi-automatic pistols may be sold in Massachusetts?

- No. The Enforcement Notice makes no change to the list of handguns, including semi-automatic pistols, on the August 2016 version of the state's Approved Firearms Roster. The August 2016 list is available here.
- The Massachusetts Assault Weapons Ban does prohibit the sale of certain semi-automatic pistols, including the INTRATEC TEC-9, TEC-DC9 and TEC-22; and the Action Arms Israeli Military Industries UZI and Galil. Only these weapons and copies or duplicates of these specific pistols are prohibited under the ban, and none appear on the approved list. Handguns are still subject to MA 940 CMR 16.00 *et seq*. Consumer Protection Regulation.

Q: Does the Enforcement Notice apply to sales transactions or transfers that were started before July 20, 2016, but not completed until several days after that date?

- Yes. But as a matter of enforcement priorities, the Attorney General's office does not expect to conduct enforcement actions in connection with those transactions. Sellers should retain evidence that clearly establishes the date on which such transactions were commenced.

Q: My gun dealer is telling me that a gun is labeled by the manufacturer as "Massachusetts compliant." Does that mean that the weapon is not banned?

- No. The fact that that a weapon has been labeled "state compliant" or "Massachusetts compliant" by the manufacturer does not make the gun legal to purchase and own in Massachusetts. Whether a weapon is banned depends on whether it meets the definition of Assault Weapon in state law. A weapon is a prohibited "copy or duplicate" if it meets one of the tests contained in the Enforcement Notice.

Q: If the gun does not have certain features like a flash suppressor or a collapsible stock, can it still be an Assault Weapon?

- Yes. If a weapon is a copy or duplicate of one of the enumerated models under one of the tests in the Enforcement Notice, it is a prohibited weapon, even if it does not have certain features such as a flash suppressor and a collapsible stock. In other words, a gun that meets one of the tests is an Assault Weapon – even if its flash suppressor is removed and/or its stock is pinned in a fixed position.
- The Features Test, as referenced in state law and set out in the Enforcement Notice, is a separate and independent basis for concluding that a weapon is a banned Assault Weapon.

**Q: How am I supposed to know whether a gun is a copy or duplicate that is prohibited under state law?**

- Gun dealers and gun manufacturers must use their knowledge and experience to assess which guns are substantially similar to a banned weapon and likely to meet one of the tests. The Attorney General expects voluntary compliance from gun dealers and manufacturers with respect to prohibited weapons.

- You may also examine the owner's manual and marketing material for a gun. If a gun is labeled or marketed as "the same as" or "similar to" an "AR-15", "AK-47" or any other Enumerated Weapon, this would strongly suggest that the weapon is prohibited as a "copy or duplicate."

- You may also review the separate question above that lists many guns, by example or category, that are not copies or duplicates of Assault Weapons under the Enforcement Notice.

**Q: What if I already own a gun that is a copy or duplicate?**

- If a weapon is a copy or duplicate of one of the models enumerated in the law, it is an Assault Weapon. The Enforcement notice will not be applied to possession, ownership or transfer by an individual gun owner of weapons obtained on or before July 20, 2016.

- The AGO also will not enforce the law against a gun dealer that possesses or transfers a "copy or duplicate" weapon that was obtained on or before July 20, 2016, provided that transfers, if any, are made to persons or businesses in states where ownership of the weapon is legal.

**Q: What can I do if I no longer want my gun?**

- There are frequent state, regional or local buyback programs. Check with your local police department.

- You may also surrender any gun, at any time, for any reason to your local police department or to the State Police. See 5.15 CMR § 3.06.

**Q: May I return a weapon covered by the Enforcement Notice after July 20, 2016 if it was transferred to me for storage or repairs before that date?**

- Yes. If the owner purchased the weapon prior to July 20, 2016 and you have proof that you received the weapon solely for storage or repairs, you may return it provided that you register the transfer. You should keep evidence of the circumstances of the transfer.

**Q: May I return a weapon covered by the Enforcement Notice to a manufacturer after July 20, 2016 for repairs or replacement under warranty or pursuant to a recall? And may the manufacturer return it to me thereafter?**

- Yes. If you purchased the weapon prior to July 20, 2016, you may return the weapon to the manufacturer, who may then return it to you after it is repaired or replaced.

**Q: Why did the Attorney General take this action?**

- The Enforcement Notice explains how the AGO will enforce a law – the Assault Weapons ban – that was enacted in 1998 to protect public safety. By issuing the notice, the Attorney General hopes and expects that non-compliant gun dealers will come into voluntary compliance with the law, to minimize the need for criminal or civil enforcement.

- The Attorney General intends to give full effect to the Legislature's mandate that Assault Weapons, including copies or duplicates of the listed weapons, stay out of civilian hands.

**Q: Is there a list of weapons that are banned under state law?**

- No. The AGO will work with gun dealers, as necessary, to help them identify the guns that meet one or both of the tests of a copy or duplicate.

- The AGO is expecting full, voluntary compliance with the Assault Weapons ban, as it is explained in the Enforcement Notice, but will enforce the Commonwealth's laws in a civil or criminal action if gun dealers or individuals do not comply.

© 2016 Commonwealth of Massachusetts.
Mass.Gov® is a registered service mark of the Commonwealth of Massachusetts.

Site Policies   Contact the Attorney General's Office