UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PULLMAN ARMS INC.; GUNS and GEAR, LLC; PAPER CITY FIREARMS, LLC; GRRR! GEAR, INC.; and NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MAURA HEALEY, ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS, <br><br> Defendant. | CIVIL ACTION NO. 4:16-cv-40136-TJH |

## DEFENDANT'S MOTION TO DISMISS

Defendant Maura Healey, Attorney General of the Commonwealth of Massachusetts, moves to dismiss the plaintiffs' complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The complaint asserts five claims challenging a public advisory issued by the Attorney General, titled "Enforcement Notice: Prohibited Assault Weapons," on July 20, 2016. The complaint alleges that (1) the Attorney General lacked legal authority to issue the Enforcement Notice; (2) the Enforcement Notice is inconsistent with the state Assault Weapons Ban, G.L. c. 140, §§ 121 and 131M; (3) the Enforcement Notice is arbitrary and capricious; (4) the Enforcement Notice is unconstitutionally vague on its face, in violation of due process; and (5) the Enforcement Notice could be read in a manner as to violate the Second Amendment to the United States Constitution. *See* Compl. ¶¶ 72– 75, 77, 83–86, 88.

1

The complaint must be dismissed because none of these claims amounts to a viable claim for relief. The first three claims—all state-law claims—must be dismissed under Fed. R. Civ. P. 12(b)(1) because they are barred by the Eleventh Amendment to the United States Constitution. Alternatively, the claims must be dismissed under Fed. R. Civ. P. 12(b)(6) because each fails to state a claim on which relief can be granted. The Attorney General had established authority as the chief law enforcement officer of the Commonwealth to notify the public of her interpretation of a criminal law, the state Assault Weapons Ban, that she is bound to enforce. Her interpretation of the state Assault Weapons Ban is entirely consistent with its text, purpose, and legislative history. And her issuance of the Notice was the antithesis of arbitrary government action: Rather than initiate prosecutions against persons who violated the state Assault Weapons Ban, she provided notice of her interpretation of the law.

The facial vagueness claim must be dismissed under Fed. R. Civ. P. 12(b)(6) because, under black-letter law, plaintiffs may not raise facial vagueness challenges to government actions, like the Enforcement Notice, that do not threaten First Amendment freedoms. In addition, even if the plaintiffs could assert a facial vagueness challenge to the Enforcement Notice, it would fail on the merits because the Notice is not vague in all of its applications and has a plainly legitimate sweep.

The Second Amendment claim must be dismissed under Fed. R. Civ. P. 12(b)(6) because it is contingent on a hypothetical reading of the Enforcement Notice that is flatly inconsistent with the text of the Notice, the state Assault Weapons Ban itself, and the information about the Notice posted on the Attorney General's website. In addition, the Enforcement Notice does not implicate the Second Amendment at all because it imposes, at most, a *de minimis* burden on the right to possess a firearm in the home for self-defense.

In support of this motion, the Attorney General relies upon her Memorandum of Law, filed contemporaneously with this motion.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the Attorney General requests a hearing on this motion, on the ground that oral argument is likely to be of assistance to the Court.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

 /s/ Julia E. Kobick
William W. Porter, BBO #542207
Julia E. Kobick, BBO #680194
Thomas Bocian, BBO #678307
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2976

Date: November 22, 2016         bill.porter@state.ma.us

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that, on November 21, 2016, I conferred with David Kerrigan, counsel for the plaintiffs, and attempted in good faith to reach agreement on this motion.

/s/ William W. Porter
William W. Porter
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 22, 2016.

/s/ Julia E. Kobick
Julia E. Kobick
Assistant Attorney General