UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PULLMAN ARMS INC.; GUNS and GEAR, LLC; PAPER CITY FIREARMS, LLC; GRRR! GEAR, INC.; and NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MAURA HEALEY, ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS, <br><br> Defendant. | CIVIL ACTION NO. 4:16-cv-40136-TJH |

## MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT

Pursuant to Local Rule 7.1(b)(4), defendant Maura Healey, Attorney General of the Commonwealth of Massachusetts, respectfully moves for leave to file a 40-page Memorandum in Support of Her Motion to Dismiss, filed contemporaneously with this motion. As grounds for this motion, the Attorney General states:

1.	The complaint in this case is 22 pages and contains 91 allegations. It asserts five claims against the Attorney General that seek to challenge the Enforcement Notice her office issued in July 2016 interpreting the Massachusetts Assault Weapons Ban, G.L. c. 140, §§ 121, 131M.

2.	Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), the Attorney General has filed a motion to dismiss all of the plaintiffs' claims. In particular, the Attorney General contends that the plaintiffs' three state-law claims are barred by the Eleventh Amendment to the United States Constitution, and, in any event, fail on the merits; that the plaintiffs' facial vagueness claim is not

cognizable, and, in any event, fails on the merits; and that the plaintiffs' Second Amendment claim fails as a matter of law because it depends on an impossible reading of the state Assault Weapons Ban and the Attorney General's Enforcement Notice, and because the Enforcement Notice does not implicate the Second Amendment.

3. While the undersigned counsel made every effort to condense and streamline the arguments in support of the motion to dismiss, we respectfully submit that a memorandum of 40 pages is necessary to fully set out the bases for dismissal. For example, the brief describes the structure and legislative history of both the Massachusetts Assault Weapons Ban and the predecessor Federal Assault Weapons Ban. Although lengthy, this discussion sets the necessary context for the legal arguments that follow. Given the numerous issues to be addressed, the Attorney General respectfully submits that her memorandum will assist the Court in evaluating the merits of this important case.

For the foregoing reasons, the Attorney General requests that this Court allow her Motion for Leave to Exceed the Page Limit.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

 /s/ Julia E. Kobick
William W. Porter, BBO #542207
Julia E. Kobick, BBO #680194
Thomas Bocian, BBO #678307
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2976

Date: November 22, 2016          bill.porter@state.ma.us

## **CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)**

I certify that, on November 21, 2016, I conferred with David Kerrigan, counsel for the plaintiffs, and attempted in good faith to reach agreement on this motion, but was unable to reach a resolution.

/s/ William W. Porter
William W. Porter
Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 22, 2016.

/s/ Julia E. Kobick
Julia E. Kobick
Assistant Attorney General