UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO.: 4:16-cv-40136-TJH

|  |  |
|---|---|
| PULLMAN ARMS INC, GUNS and GEAR, LLC, PAPER CITY FIREARMS, LLC, GRRR! GEAR, INC, and NATIONAL SHOOTING SPORTS FOUNDATION, INC. <br><br> Plaintiffs, <br><br> v. <br><br> MAURA HEALEY, ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' OPPOSITION
TO DEFENDANT'S MOTION TO EXCEED THE PAGE LIMIT**

The Plaintiffs oppose the Defendant's request to file a forty-page Memorandum in Support of a Motion to Dismiss, double the permitted length, because the Attorney General has not provided adequate reasons to file a brief of this length. Further, despite having 60 days to file their responsive pleading, Defendant failed to seek leave before filing her double-size pleading, forcing Plaintiffs to respond to it before Defendant obtained leave to file it in the first place.

To support her request, the Attorney General contends simply that she tried to file a memorandum of the proper length but could not do so not do so because she provided legislative history and "context" for the arguments. These reasons are not sufficient to justify filing a memorandum of twice the allowed limit. The complaint filed by the plaintiffs is not unusually

long nor are the legal issues particularly complicated. The Plaintiffs' complaint alleges facts showing that on July 20, 2016, the Attorney General enacted an entirely new set of tests regulating whether firearm retailers can be criminally responsible for selling "copies or duplicates" of enumerated "assault weapons" under a state firearms licensing statute. Because the new regulation is too vague to understand, the four firearm retailer plaintiffs, all members of the association plaintiff, have stopped selling specific firearms they previously sold (*i.e.* IWI Tavor rifles, .22 caliber rimfire AR-15-style rifles, Smith and Wesson M&P 15-22 rifles, and FN PS90 rifles), because they fear prosecution and cannot determine whether the Attorney General's regulation actually prohibits them.  (Complaint, para. 55-68).

Plaintiffs' primary claim is that the Enforcement Notice is unconstitutionally vague as applied to these specific firearms.  Plaintiffs also claim that the Enforcement Notice is unconstitutionally vague on its face, violates the Second Amendment to the extent it arguably prohibits all semiautomatic firearms, and exceeds the Attorney General's authority.  Thus, all a Motion to Dismiss must address is whether these are cognizable challenges, and if so, whether they may be decided now as a matter of law.

The Attorney General does not explain in any sufficient way why double the allowed page is needed.  Its failure to do so justifies denial of its request when the Attorney General (1) includes a two page introduction which constitutes little more than a press release containing irrelevant information concerning reasons for her decision to enact the regulations, which do not appear anywhere in the complaint; and (2) legislative history based on press releases and other outside sources not contained in the complaint.

The Court should not permit this unnecessarily long brief.  Allowing the Defendant to spend nearly 10 pages on irrelevant matters, and then another 30 pages ignoring the complaint's

chief claim, requires the Plaintiffs to address these irrelevant issues and will likely require opposition and reply memoranda which exceed the allowed length.

Further, the Court should deny the request for leave to file the non-compliant memorandum when she filed the forty-page Memorandum simultaneously with its motion for leave to file it.  Filing the Memorandum in this fashion requires the Plaintiffs to begin responding now to a double-length brief that Defendant does not yet even have leave to file.  This is especially unfair where Defendant's acceptance of service of the complaint gave her 60 full days to file her responsive pleading.  Given the length of the pleading the Defendant must have known well in advance of the day she filed that it would far exceed the allowed limit.  Rather than seek leave ahead of time as the rules require, Defendant has put Plaintiffs in the untenable position of responding to an unnecessarily long brief before knowing whether Defendant even has leave to file it.  The Local Rules are not designed or intended to be treated so cavalierly.

WHEREFORE, the Plaintiffs respectfully request that the Court deny Defendant's motion for leave to file her unnecessarily double-sized brief.

PLAINTIFFS,
Pullman Arms Inc., Guns and Gear, LLC,
Paper City Firearms, LLC, Grrr! Gear, Inc.,
and National Shooting Sports Foundation, Inc.
By their attorneys,

   /s/  David R. Kerrigan
Christopher A. Kenney, Esq., BBO# 556511
cakenney@KandSlegal.com
David R. Kerrigan, Esq., BBO# 550843
drkerrigan@KandSlegal.com
Kenney & Sams, P.C.
Old City Hall
45 School Street
Boston, MA 02108
(617)722-6045

   /s/   Michael J. Sullivan
Michael J. Sullivan, Esq.
msullivan@ashcroftlawfirm.com
Ashcroft Law Firm
200 State Street
7th Floor
Boston, MA 02109

DATED: November 29, 2016

## CERTIFICATE OF SERVICE

I hereby certify, on behalf of Plaintiffs, that on November 29, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ David R. Kerrigan
David R. Kerrigan