UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PULLMAN ARMS INC.; GUNS and GEAR, LLC; PAPER CITY FIREARMS, LLC; GRRR! GEAR, INC.; and NATIONAL SHOOTING SPORTS FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MAURA HEALEY, ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS,<br><br>Defendant. | CIVIL ACTION NO.<br>4:16-cv-40136-TJH |

## MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT

Pursuant to Local Rule 7.1(b)(4), defendant Maura Healey, as Attorney General of the Commonwealth of Massachusetts, respectfully moves for leave to file a 40-page memorandum in support of her motion to dismiss the amended complaint, which is due January 10, 2017.  As grounds for this motion, the Attorney General states:

1.	The plaintiffs filed an amended complaint on December 13, 2017.  The Amended Complaint is 24 pages and contains 102 paragraphs.  It asserts five claims against the Attorney General that seek to challenge the Enforcement Notice her office issued in July 2016 interpreting the Massachusetts Assault Weapons Ban, G.L. c. 140, §§ 121, 131M.

2.	Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), the Attorney General will move to dismiss all of the plaintiffs' claims.  In particular, the Attorney General contends that the plaintiffs' three state-law claims are barred by the Eleventh Amendment to the United States Constitution, and, in any event, that each fails as a matter of law.  In addition, the Attorney General will argue

that the plaintiffs' facial vagueness claim is not cognizable, and, in any event, fails on the merits; and that the plaintiffs' contingent Second Amendment claim fails as a matter of law because it depends on an implausible reading of the state Assault Weapons Ban and the Attorney General's Enforcement Notice, and because the Enforcement Notice does not implicate the Second Amendment.

3.   While the undersigned counsel will make every effort to condense and streamline the arguments in support of the motion to dismiss, we respectfully submit that a memorandum of 40 pages is necessary to fully set out the bases for dismissal.  For example, the brief summarizes the structure and legislative history of both the Massachusetts Assault Weapons Ban and the predecessor Federal Assault Weapons Ban. This discussion sets the necessary context for the legal arguments that follow.

4.   Given the numerous issues to be addressed, the Attorney General respectfully submits that her memorandum will assist the Court in resolving a potentially dispositive motion in this important case.

5.   In opposing the Attorney General's motion to exceed the page limit when she moved to dismiss the original complaint, the plaintiffs urged that it would be unfair and burdensome for them to respond to a lengthy memorandum.  <u>See</u> Dkt. #11 at 2-3.  At this point, however, those concerns have abated because the plaintiffs have had the Attorney General's memorandum supporting her motion to dismiss the original complaint since November 22, 2016, <u>see</u> Dkt. #9, and had the opportunity to fine tune their claims when they filed an amended complaint in response to that motion on December 13.  Dkt. #15.

For the foregoing reasons, the Attorney General requests that this Court allow her Motion for Leave to Exceed the Page Limit.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

 /s/ William W. Porter
William W. Porter, BBO #542207
Julia E. Kobick, BBO #680194
Thomas Bocian, BBO #678307
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2976

Date: January 4, 2017             bill.porter@state.ma.us

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that, on January 4, 2017, I conferred with David Kerrigan, counsel for the plaintiffs, and attempted in good faith to reach agreement on this motion, but was unable to reach a resolution.

/s/ William W. Porter
William W. Porter
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 4, 2017.

/s/ William W. Porter
William W. Porter
Assistant Attorney General