UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PULLMAN ARMS INC.; GUNS and GEAR, LLC; PAPER CITY FIREARMS, LLC; GRRR! GEAR, INC.; and NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MAURA HEALEY, ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS, <br><br> Defendant. | CIVIL ACTION NO. 4:16-cv-40136-TJH |

**NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF MOTION TO DISMISS**

The defendant Maura Healey, as Attorney General of Massachusetts, hereby provides notice of a recent decision of the United States Court of Appeals for the Fourth Circuit that is pertinent to her pending Motion to Dismiss Amended Complaint (Dkt. 22).

In *Kolbe v. Hogan*, 2017 WL 679687 (4th Cir. Feb. 21, 2017) (*en banc*), the Court upheld the Maryland Firearm Safety Act of 2013 (FSA), "which bans the AR-15 and other military-style rifles and shotguns (referred to as 'assault weapons') and detachable large-capacity magazines." *Id.* at *1. The Court held these weapons and magazines are not protected by the Second Amendment because they are among those arms "that are most useful in military service" that *Heller* "singled out as being beyond the Second Amendment's reach." *Id.* at *2, citing *District of Columbia v. Heller*, 554 U.S. 570, 627 (2008). The Court further held that "even if the banned assault weapons and large-capacity magazines are somehow entitled to Second Amendment

1

protection — the district court properly subjected the FSA to intermediate scrutiny and correctly upheld it as constitutional under that standard of review." *Id*. Accordingly, the *en banc* Court vacated the prior contrary decision of a panel of the Fourth Circuit, *Kolbe v. Hogan*, 813 F.3d 160 (4th Cir. 2016), and affirmed the original decision of the district court, *Kolbe v. O'Malley*, 42 F. Supp. 3d 768 (D. Md. 2014), which had upheld the FSA in all respects. *Id*. at *2, 26. In this case, the now-vacated panel decision was cited at pages 16 and 25 of the Memorandum of Attorney General in Support of Motion to Dismiss Amended Complaint (Dkt. 23) ("AG Mem."), with a notation that rehearing had been granted.

*Kolbe* also rejected a claim that the "FSA's ban on 'copies' of the assault weapons identified in [the Maryland law] is unconstitutionally vague on its face, in contravention of the Due Process Clause." *Kolbe*, 2017 WL 679687, *25. The Court relied in part on an opinion by the Maryland Attorney General explaining the term "copies" as used in FSA. *Id*. As Attorney General Healey has explained, the Massachusetts Enforcement Notice is consistent with the Maryland guidance discussed approvingly in *Kolbe*. *See* AG Mem. at 16, 25.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

 /s/ William W. Porter
William W. Porter, BBO #542207
Julia E. Kobick, BBO #680194
Gary Klein, BBO #560769
Thomas Bocian, BBO #678307
Assistant Attorneys General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2976
bill.porter@state.ma.us

Date: February 27, 2017

## **CERTIFICATE OF SERVICE**

      I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 27, 2017.

                                            /s/ William W. Porter
                                            William W. Porter
                                            Assistant Attorney General