UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

PULLMAN ARMS INC., GUNS and GEAR, LLC, )
PAPER CITY FIREARMS, LLC,                            )
GRRR! GEAR, INC., and                                    )
NATIONAL SHOOTING SPORTS                         )
FOUNDATION, INC.                                          )
                                                                    )
                        Plaintiffs,                              )
                                                                    )                    CASE NO.: 4:16-cv-40136-TJH
v.                                                                  )
                                                                    )
MAURA HEALEY, ATTORNEY GENERAL          )
FOR THE COMMONWEALTH OF                       )
MASSACHUSETTS                                          )
                                                                    )
                        Defendant.                            )
_____

## PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF

In the supplemental brief filed by the Attorney General on April 18, 2017, the Defendant

raised an entirely new argument in support of the Motion to Dismiss the Amended Complaint -

the Plaintiffs do not have standing to bring this action.  This argument had not been made in the

Attorney General's motion to dismiss nor did the Attorney General raise it during the April 7,

2017 hearing.  Because there was no reason for the Plaintiffs to know it would be raised by the

Attorney General in her supplemental brief, the Court should consider these additional

authorities demonstrating that the Plaintiffs have standing to bring this Amended Complaint.

"Where threatened action by government is concerned, we do not require a plaintiff to

expose himself to liability before bringing suit to challenge the basis for the threat – for example,

the constitutionally of a law threatened to be enforced." *Medimmune Inc. v.  Genentech Inc*. 549

U. S. 118, 128-129, 127 S. Ct. 764 166 L.Ed.2d 604 (2007).  For a party to have standing, all that

needs to be shown is an injury in fact – a concrete harm suffered; causation between the injury

and the complained of conduct; and that it is likely that a favorable decision will redress the

injury.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

The Amended Complaint easily meets this standard, and the Attorney General does not challenge the first two prongs of the standing test.[1]  The third prong of the standing test is also met because the Court may issue the relief and redress the harm experienced by the Plaintiffs.  The Amended Complaint requests that the Court declare the Enforcement Notice to be unconstitutionally vague as applied to specific firearms and requests injunctive relief to enjoin the Attorney General from enforcing the Notice "and its definition of copy or duplicate of Enumerated Weapons as issued on July 20, 2016, as applied to the Plaintiff's offering for sale of bullpup IWI Tavor rifles, FN PS90 rifles, Kel-Tec RFB rifles, .22 caliber rimfire AR-15 style rifles, Smith & Wesson M&P 15-22 rifles, and Springfield Armory MIA rifles." Amended Complaint, Prayers 1,5.  The Amended Complaint also requests that the Court declare the Notice to be unconstitutionally vague on its face, and that the Court enjoin the Attorney General from enforcing the Notice "and its definition of copy or duplicate of Enumerated Weapons as issued on July 20, 2016." *Id.*, Prayers 2,6.

The Attorney General is incorrect when she argues that the Court cannot redress the harm the Plaintiffs have experienced. While the redressability prong is not met when a plaintiff seeks relief against a defendant with no power to enforce a statute, courts may issue declaratory and injunctive relief against the Massachusetts Attorney General to prevent her from enforcing this Notice and applying its definition of copy of duplicate to the sale of firearms. *See*, *Chamber of Commerce of United States v. Edmonson*, 594 F.3d 742 (10th Cir. 2010).  The Plaintiffs need

---

[1]The Complaint provides detailed allegations describing the injury suffered by the Plaintiffs due to the Enforcement Notice's impact.  The retailers describe how they cannot determine if certain rifles, including the IWI Tavor, the FN PS90, 22 caliber rimfires, and other models meet the tests laid out in the Enforcement Notice. Amended Complaint, ¶¶ 63-71.  As a result of the uncertainty faced by this vague notice and due to fear of prosecution, the Plaintiffs stopped selling those models, suffering harm.  Amended Complaint, ¶¶65-71.

show only "an injury that is likely to be redressed by a favorable decision." *Larson v. Valente,* 426 U.S. 26, 38 (1976).  Redressability is met when the "risk of harm *would be reduced to some extent*" if the plaintiffs succeed on their claims. *Massachusetts v. EPA*, 549 U. S. 497, 526, 127 S.Ct. 1438, 167 L.Ed. 2d 248 (2007)(emphasis supplied).

If the Plaintiffs succeed on their claims, the Court could declare the Notice to be too vague to be applied to the specific firearms previously offered for sale in Prayer 1, as requested in the as–applied challenge, or the Court could declare the notice vague on its face in prayer 2. These declarations provide relief even if the Court elected not to issue injunctions under either the as-applied or facial challenge. [2]   This relief would return the parties to the status quo before the Attorney General issued the Notice, and she would be free to enforce the statute, although not based on any of the definitions found to be too vague. If either declaration enters and the stores return to selling <u>any</u> of the firearms listed in the Amended Complaint, "the risk of harm will be reduced to some extent", and that is all that is necessary.  *Massachusetts v. EPA,* 549 U.S. 497, 526.

Here, the Attorney General argues that the Plaintiffs have no standing because even if relief enters, she can still prosecute firearm dealers for possessing and transferring the enumerated weapons and copies and duplicates of those firearms.  That may be true, but the Supreme Court has long recognized this possibility to be one of the slightly less intrusive aspects of declaratory judgment actions.  The Supreme Court has acknowledged that a declaratory judgment does not necessarily bar subsequent prosecutions, but they may nevertheless be used to test a statute or rule's constitutionality when no prosecutions are pending because declaratory

---

[2] The Court could also enter injunctive relief under prayers 5 and 6 enjoining enforcement depending upon its findings and interpretation of the Notice.  Any injunction, without question, would reduce the risk of Plaintiffs' harm.

relief has other ameliorative effects.  *Steffel v. Thompson*, 415 U.S. 452, 469-470, 94 S. Ct. 1209,

39 L. Ed. 2d 505 (1974).  As stated by the Court:

> Of course, a favorable declaratory judgment may nevertheless be valuable to the
> plaintiff though it cannot make even an unconstitutional statute disappear….a
> federal declaration of unconstitutionality reflects the opinion of the federal court
> that the statute cannot be fully enforced …. it may well be open to a state
> prosecutor, after the federal court decision, to bring a prosecution under the
> statute if he reasonably believes that the defendant's conduct is not
> constitutionally protected and that the state courts may give the statute a
> construction so as to yield a constitutionally valid conviction. …The persuasive
> force of the court's opinion and judgment may lead state prosecutors, courts, and
> legislators to reconsider their respective responsibilities toward the statute.
> Enforcement policies or judicial construction may be changed or the legislature
> may repeal the statute and start anew….
>
> > *Steffel v. Thompson,* 415 U.S. 452, 469-470, 94 S. Ct. 1209, 1221,
> > 39 L. Ed. 2d 505 (1974) quoting *Perez v. Ledesma*, 401 U.S. 82,
> > 124-126, 91 S.Ct. 674, 696-697, 27 L.Ed.2d 701(1971) (Brennan,
> > concurring.

Whether the Attorney General chooses to prosecute sales of enumerated firearms or their

copies after the Court enters relief will continue to be left to her discretion, subject to the terms

of the declaration or injunction granted. How the Attorney General ultimately defines copies or

duplicates in some future enforcement action need not be resolved now, but the Plaintiffs have

standing to bring the complaint, seek the relief, and obtain its benefit, whether to the listed

firearms in Prayer 1 or to a broader set if the facial challenge succeeds.

<div style="margin-left:40%">

PLAINTIFFS,
Pullman Arms Inc., et al.
By their attorneys,

  /s/  David R. Kerrigan
Christopher A. Kenney, Esq., BBO# 556511
cakenney@KandSlegal.com
David R. Kerrigan, Esq., BBO# 550843
drkerrigan@KandSlegal.com
Kenney & Sams, P.C.
45 School Street
Boston, MA 02108
(617)722-6045

</div>

/s/   Michael J. Sullivan
Michael J. Sullivan, Esq.
msullivan@ashcroftlawfirm.com
Ashcroft Law Firm
200 State Street
7th Floor
Boston, MA 02109

DATED: May 10, 2017

## CERTIFICATE OF SERVICE

I hereby certify, on behalf of Plaintiffs, that on May 10, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ David R. Kerrigan
David R. Kerrigan