UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

PULLMAN ARMS INC.; GUNS and GEAR, LLC;
PAPER CITY FIREARMS, LLC; GRRR! GEAR,
INC.; and NATIONAL SHOOTING SPORTS
FOUNDATION, INC.,

              Plaintiffs,

        v.

MAURA HEALEY, ATTORNEY GENERAL FOR
THE COMMONWEALTH OF
MASSACHUSETTS,

              Defendant.

CIVIL ACTION NO.
4:16-cv-40136-TJH

---

## ANSWER

Defendant Maura Healey, as Attorney General for the Commonwealth of Massachusetts, answers the corresponding paragraphs of the Amended Complaint as follows:

1.       The first sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the nature of this lawsuit. The defendant denies the allegations in the second sentence of this paragraph. The third sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe Exhibit A to the Amended Complaint, which speaks for itself.

2.       The defendant denies the allegations in the first sentence of this paragraph. The second, third, and fourth sentences of this paragraph contain no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead assert only legal opinions and

conclusions. To the extent a response is required, the second, third, and fourth sentences are denied.

3.      This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

4.      This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

5.      The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.      The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.      The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.      The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.      The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     The defendant admits that Maura Healey is the duly elected Attorney General for the Commonwealth of Massachusetts. The remainder of this paragraph characterizes the capacity in which the defendant is sued, but contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b).

12.     The first sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced statutes, which speak for themselves. The defendant admits the allegations in the second sentence of this paragraph, but denies that the Attorney General's Enforcement Notice on Prohibited Assault Weapons was issued pursuant to her authority to issue regulations under G.L. c. 93A.

13.     The defendant admits the allegations in the first sentence of this paragraph. The allegations of the second sentence of this paragraph purport to supply a definition of a term used in the Amended Complaint and as such no response is required.  To the extent that the allegations of the second sentence of this paragraph contain factual assertions, the defendant denies such allegations, because this sentence adopts only one operative definition among many potential definitions for the term "receiver," and is both over-inclusive and under-inclusive.

14.     The allegations of this paragraph purport to supply a definition of a term used in the Amended Complaint and as such no response is required.  To the extent that the allegations of this paragraph contain factual assertions, the defendant denies such allegations, because they adopt only one operative definition among many potential definitions for the term "chamber," and are both over-inclusive and under-inclusive.

15.     The allegations of this paragraph purport to supply a definition of a term used in the Amended Complaint and as such no response is required.  To the extent that the allegations of this paragraph contain factual assertions, the defendant denies such allegations, because they adopt only one operative definition among many potential definitions for the term "firearm bolt," and are both over-inclusive and under-inclusive.

16.     The allegations of this paragraph purport to supply a definition of a term used in the Amended Complaint and as such no response is required.  To the extent that the allegations of this paragraph contain factual assertions, the defendant denies such allegations, because they adopt only one operative definition among many potential definitions for the term "firearm extractor," and are both over-inclusive and under-inclusive.

17.     The allegations of this paragraph purport to supply a definition of a term used in the Amended Complaint and as such no response is required.  To the extent that the allegations of this paragraph contain factual assertions, the defendant denies such allegations,, because they adopt only one operative definition among many potential definitions for the term "firearm stock," and are both over-inclusive and under-inclusive.

18.     The allegations of the first two sentences of this paragraph purport to supply a definition of a term used in the Amended Complaint and as such no response is required.  To the extent that the allegations of the first two sentences of this paragraph contain factual assertions, the defendant denies such allegations, because they adopt only one operative definition among many potential definitions for the terms "centerfire ammunition" and "rimfire ammunition," and are both over-inclusive and under-inclusive. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph.

19.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

20.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

4

21.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

22.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

23.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

24.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

25.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

26.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

27.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

28.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), because it merely purports to characterize a portion of federal legislative history contained in the Congressional Record, which speaks for itself.

29.     The first sentence in this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), because it merely purports to characterize a portion of federal legislative history contained in the Congressional Record, which speaks for itself. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

30.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), because it merely purports to characterize a portion of federal legislative history contained in the Congressional Record, which speaks for itself.

31.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), because it merely purports to characterize a portion of federal legislative history contained in the Congressional Record, which speaks for itself.

32.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

33.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

34.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), because it merely purports to characterize a portion of state legislative history, which speaks for itself.

35.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

36.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

37.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

38.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.  To the extent a response is required, the allegations in this paragraph are denied.

39.     The defendant denies the allegations in this paragraph.

40.     The defendant admits the allegations in the first three sentences of this paragraph. The allegations in the fourth sentence of this paragraph contain no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead assert only legal opinions and conclusions. To the extent a response is required, the fourth sentence of this paragraph is denied.

41.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

42.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced Enforcement Notice, which speaks for itself.

43.     The defendant admits that the Office of the Attorney General published a webpage entitled "Guns That Are Not Assault Weapons." The defendant denies the remaining allegations in this paragraph.

44.     The defendant denies the allegations in this paragraph.

45.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The second sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the second sentence of this paragraph is denied.

46.     The defendant denies the allegations in this paragraph.

47.     The defendant admits that the word "rimfire" was added to the "Guns That Are Not Assault Weapons" webpage. The defendant denies the remaining allegations in this paragraph.

48.     The defendant denies the allegations in this paragraph.

49.     The defendant denies the allegations in this paragraph.

50.     The defendant admits that the Springfield Armory M1A is a semiautomatic rifle. The defendant denies that the Springfield Armory M1A is only capable of holding up to 10 rounds of ammunition. The remaining allegations in this paragraph purport to characterize or describe the referenced law, which speaks for itself.

51.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The second and third sentences of this paragraph contain no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead assert only legal opinions and conclusions.

52.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions and purports to characterize or describe the Enforcement Notice, which speaks for itself. To the extent a response is required, this paragraph is denied.

53.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but is instead premised on unsupported speculation and asserts legal opinions and conclusions. Further, the allegations in this paragraph are inconsistent with the Enforcement Notice, which speaks for itself. To the extent a response is required, both sentences in this paragraph are denied.

54.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but is instead premised on unsupported speculation and asserts legal opinions and conclusions. Further, the allegations in this paragraph are inconsistent with the Enforcement Notice, which speaks for itself. To the extent a response is required, this paragraph is denied.

55.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but is instead premised on unsupported speculation and asserts legal opinions and conclusions. Further, the allegations in this paragraph are inconsistent with the Enforcement Notice, which speaks for itself. To the extent a response is required, this paragraph is denied.

56.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but is instead premised on unsupported speculation and asserts legal opinions and conclusions. Further, the allegations in this paragraph are inconsistent with the Enforcement Notice, which speaks for itself. To the extent a response is required, this paragraph is denied.

57.     The defendant denies the allegations in the first sentence of this paragraph. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

58.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Further answering, the allegations in the first sentence of this paragraph purport to characterize the Enforcement Notice, which speaks for itself. The second sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but is instead premised on unsupported speculation and asserts legal opinions and conclusions. Further answering, the allegations in the second sentence of this paragraph purport to characterize the Enforcement Notice, which speaks for itself.

60.     The allegations of this paragraph purport to summarize or restate written communications which speak for themselves.

61.     The allegations of this paragraph purport to supply a definition of a term used in the Amended Complaint and, accordingly, no response is required.  To the extent that the

allegations of this paragraph contain factual assertions, the defendant denies such allegations as incomplete or inaccurate.

62.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The second sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but is instead premised on unsupported speculation and asserts legal opinions and conclusions.

63.     The defendant denies the allegations in the first sentence of this paragraph. The second sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe Exhibit H to the Amended Complaint, which speaks for itself. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph, but to the extent a response is required, the third sentence is denied. The fourth sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but is instead premised on unsupported speculation and asserts legal opinions and conclusions.

64.     The defendant denies the allegations in this paragraph.

65.     The defendant denies the allegations in the first sentence of this paragraph. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph. Further answering, the allegations in the second sentence of this paragraph purport to characterize the Enforcement Notice, which speaks for itself.

66.     The defendant denies the allegations of the first sentence of this paragraph. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

67.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

68.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

69.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

70.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

71.     The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

72.     The defendant denies that the Attorney General has declared a "new interpretation" of what constitutes banned assault weapons. The remaining allegations of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe Exhibits J, K, and L to the Amended Complaint, which speak for themselves.

73.     The defendant restates and incorporates by reference her answers to Paragraphs 1 through 72 of Plaintiffs' Amended Complaint as if set forth fully herein.

74.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

75.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

76.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

77.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

78.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

79.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

80.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

81.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

82.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

83.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

84.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

85.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

86.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

87.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

88.     The defendant restates and incorporates by reference her answers to Paragraphs 1 through 87 of Plaintiffs' Amended Complaint as if set forth fully herein.

89.      This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

90.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

91.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

92.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

93.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

94.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

95.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

96.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

97.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

98.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

99.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

100.    This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

101.    This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.

102.    This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, this paragraph is denied.


**Second Defense.**

The Commonwealth's sovereign immunity and Eleventh Amendment immunity bar plaintiffs from seeking or obtaining relief against the defendant and, in particular, bar relief that involves the declaration or enforcement of state law against the defendant state official.

**Third Defense.**

Plaintiffs have not alleged injury-in-fact and so lack standing to prosecute this case. This Court therefore lacks jurisdiction over the subject matter of this action under Article III.

**Fourth Defense.**

Any purported injury-in-fact alleged would not be redressable by this Court, so Plaintiffs lack standing to prosecute this case. Nor have Plaintiffs sought relief that would or could resolve their purported injuries. This Court therefore lacks jurisdiction over the subject matter of this action under Article III.

**Fifth Defense.**

Plaintiffs' claims are not ripe and this Court therefore lacks jurisdiction over the subject matter of this action.

**Sixth Defense.**

Plaintiffs' claims are moot and this Court therefore lacks jurisdiction over the subject matter of this action.

**Seventh Defense.**

Plaintiff National Shooting Sports Foundation lacks associational standing to prosecute this case.

**Eighth Defense.**

Plaintiffs have failed to state a claim upon which relief can be granted.

**Ninth Defense.**

Plaintiffs' claims are barred by the doctrines of claim and issue preclusion, *res judicata*, estoppel, or similar concepts.

**Tenth Defense.**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**Eleventh Defense.**

Plaintiffs have no right under the law to equitable or declaratory relief.

**Additional Defenses.**

The defendant reserves the right to raise any and all defenses that may become apparent or available during the course of the proceedings in this case.

WHEREFORE, the defendant requests that this Court: (1) dismiss the Amended Complaint with prejudice and enter judgment for the defendant; and (2) order such other relief as is just and proper.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

 /s/ William W. Porter
William W. Porter, BBO #542207
Julia E. Kobick, BBO #680194
Assistant Attorneys General
Gary Klein, BBO # 560769
Special Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2976
Date: April 24, 2018                    bill.porter@state.ma.us

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 24, 2018.

/s/ Julia E. Kobick
Julia E. Kobick
Assistant Attorney General