**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                    )
**PULLMAN ARMS INC.; GUNS and**          )
**GEAR, LLC; PAPER CITY FIREARMS,**     )          **CIVIL ACTION**
**LLC; GRRR! GEAR, INC.; and**               )
**NATIONAL SHOOTING SPORTS**             )          **NO. 4:16-40136-TSH**
**FOUNDATION, INC.,**                              )
                                                    )
      **Plaintiffs,**                           )
                                                    )
                                                    )
      **v.**                                         )
                                                    )
                                                    )
**MAURA HEALEY, ATTORNEY**              )
**GENERAL FOR THE**                            )
**COMMONWEALTH OF**                          )
**MASSACHUSETTS,**                              )
                                                    )
      **Defendant.**                          )
_____ )

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO STAY**
**(Docket No. 67)**

**HILLMAN, D.J.**

      Pullman Arms, Inc., Guns and Gear, LLC, Paper City Firearms, LLC, and National Shooting Sports Foundation, Inc. ("Plaintiffs") brought this action to challenge the Enforcement Notice issued by Attorney General Healey.  Attorney General Healey now moves to stay this litigation pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236 (1976).  For the reasons stated below, Defendant's motion (Docket No. 67) is ***denied***.

**Background**

In July 2016, Attorney General Healey informed the public of her plan to enforce the Commonwealth's Assault Weapons Ban, which prohibits the possession and sale of "copies or duplicates" of certain enumerated weapons. *See* Mass. Gen. L. c. 140, §§ 121; 131M.  She issued a public Enforcement Notice, which applied prospectively, to provide "guidance on the identification of weapons that are 'copies' or duplicates' of the enumerated Assault weapons that are banned under Massachusetts law." (Docket No. 15-7, at 2).

On September 22, 2016, Plaintiffs filed this action challenging the Enforcement Notice. On January 10, 2017, the Attorney General moved to dismiss. (Docket No. 22).  On March 14, 2018, this Court denied the motion in part, and granted it in part. *Pullman Arms v. Healey*, 301 F. Supp. 3d 227 (D. Mass. 2018).  This Court allowed Plaintiffs to proceed with two claims: that the Enforcement Notice is unconstitutionally vague and that it deprived Plaintiffs of property without due process.

Attorney General Healey then took an interlocutory appeal regarding the dismissal of state law claims.  When Plaintiffs' counsel stipulated at oral argument that Plaintiffs would not pursue any state law claims, the First Circuit dismissed the appeal "[b]ased upon the representation of the plaintiffs-appellees, made in open court, that they are not pursing any state-law claims in the underlying action" Judgement, *Pullman Arms v. Healey*, First Cir. No. 18-1331.

In August 2018, while the First Circuit appeal was pending, Baystate Firearms and Training, LLC and Downrange Inc. filed a lawsuit in the Supreme Judicial Court for Suffolk County against Attorney General Healey asserting a Declaratory Judgment Act claim under Mass. Gen. L. c. 231A.  In that lawsuit, the plaintiffs contend that the Enforcement Notice is not advisory but rather constitutes a regulation promulgated without the requisite public hearing and comment period. *See* Mass. Gen. L. c. 30A, § 2(a).  On October 25, 2018, the Single Justice requested

supplemental briefing on whether the claim was "ripe for review" and "whether the enforcement notice identified in the plaintiff's complaint should be subject to pre-enforcement judicial review." (Docket No. 67-2, at 2-3).  On December 20, 2018, the Single Justice transferred the case to the Massachusetts Superior Court pursuant to Mass. Gen. L. c. 221, § 4A. *See* Docket No. 67-3.  The case is now pending in Suffolk Superior Court.

On February 7, 2019, Attorney General Healey moved to stay these proceedings pursuant to the *Colorado River* abstention doctrine. (Docket No. 67).

## Legal Standard

Parallel litigation in state court is not sufficient to merit abstention in federal court. *See McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501 (1910); *Stanton v. Embrey*, 93 U.S. 548, 554, 23 L.Ed. 983 (1876).  That is, "[c]oncurrent federal-state jurisdiction over the same controversy does not generally lessen the federal courts' virtually unflagging obligation to exercise the jurisdiction given them." *Jiménez v. Rodriguez-Pagán*, 597 F.3d 18, 27 (1st Cir. 2010) (quotation marks and citation omitted).

This obligation, however, "is not infinite." *Id.*  "Over time, categories of cases have emerged illustrating when abstention may be appropriate" such as *Pullman*, *Burford*, and *Younger* abstention. *Nazario-Lugo v. Caribevisión Holdings, Inc.*, 670 F.3d 109, 115 (1st Cir. 2012) (citations omitted).  In *Colorado River*, the Supreme Court recognized another situation where abstention is appropriate, which "allows federal courts in limited instances to stay or dismiss proceedings that overlap with concurrent litigation in state court." *Id.* at 21.

"The crevice in federal jurisdiction that *Colorado River* carved is a narrow one." *Id.* at 27. Thus, "[a]bdication of the obligation to decide cases can be justified under the doctrine only in the exceptional circumstances where the order of the parties to repair to the state court would clearly

serve an important countervailing interest." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236 (1976) (quotation marks and citation omitted).

"An evolving list of factors exists to aid in discerning whether a particular case involves exceptional circumstances that tip a scale heavily weighted in favor or the exercise of federal jurisdiction." *Nazario-Lugo*, 670 F.3d at 115.  The list includes:

> (1) whether either court has assumed jurisdiction over a res; (2) the geographical inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

*Jiménez*, 597 F.3d at 27-28 (brackets omitted); *see also Currie v. Grp. Ins. Comm'n*, 290 F.3d 1, 10 (1st Cir. 2002) (noting that the non-exhaustive list is not a "litmus test" and "must remain a discretionary tool").  Accordingly, "[t]he weight to be given any given factor depends on the circumstances at hand." *Nazario-Lugo*, 670 F.3d at 115 (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927 (1983)).

## Discussion

Before addressing the above factors, I must determine whether the state and federal proceedings are sufficiently parallel. *See IFC Interconsult, AG v. Safeguard Int'l. Partners*, 438 F.3d 298, 306 (3d Cir. 2006) ("The threshold requirement for a district court to even entertain abstention is a contemporaneous parallel litigation."); *Puzey v. BJ's Wholesale Club, Inc.*, No. CA 11-11339-MLW, 2012 WL 1114164, at *3 (D. Mass. Mar. 31, 2012) (same); *AAR International, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 520 (7th Cir. 2001) ("Any doubt regarding the parallel nature of the [state] suit should be resolved in favor of exercising jurisdiction.").

The First Circuit has noted that parallel cases do not require "perfect identity of issues." *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 533 (1st Cir. 1991); *see also*

*Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (noting that "exact parallelism" is not required, and "[i]t is enough if the two proceedings are substantially similar"). Here, however, it is not clear that *Colorado River* abstention is appropriate where the cases concern different plaintiffs asserting different claims.[1]

Indeed, several courts have held that parallel litigation requires substantially the same parties and issues in the two forums. *See, e.g.*, *Bankart v. Ho*, 60 F. Supp. 3d 242, 248 (D. Mass. 2014) ("To be sufficiently parallel . . . the concurrent cases must generally include the same parties and substantially identical claims and issues."); *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249 (4th Cir. 2013) ("State and federal actions are parallel if substantially the same parties litigate substantially the same issues in different forums." (quotation marks and citation omitted)); *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) ("A suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." (quotation marks and citation omitted)); *Puzey*, No. CA 11-11339-MLW, 2012 WL 1114164, at *3 (D. Mass. Mar. 31, 2012) (same); *Massachusetts Biologic Laboratories of the University of Massachusetts v. MedImmune, LLC*, 871 F. Supp. 2d 29, 36 (D. Mass. 2012) (finding parallel litigation where "the overarching issue in both cases is the rights and obligations of the parties under the [licensing agreement] and the companies with a stake in the outcome of the dispute are parties to both actions").

---

[1] This Court is not aware of any cases where a court has found that parallel litigation existed where the plaintiffs in the two cases were entirely different. While Attorney General Healy notes that the plaintiffs in both cases are represented by the same counsel, Plaintiffs' counsel is not relevant to the determination of whether parallel litigation exists. Attorney General Healey noted at the hearing on this motion, and the Court agrees, that having the same counsel may mitigate the danger that Plaintiffs' rights will not be protected in the state proceedings. That consideration, however, is one of the factors to assist the Court in determining whether it should abstain only after the threshold requirement of parallel litigation is satisfied.

I find that these cases are not sufficiently parallel to invoke *Colorado River*.  "First, and most simply, the parties are different." *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 499 (7th Cir. 2011) (holding that two cases were not sufficiently parallel to warrant staying federal proceedings under *Colorado River*).[2]  "Second, the claims in these cases are different." *Id.*  In this case, Plaintiffs assert that the Enforcement Notice is unconstitutionally vague and violated Plaintiffs' procedural due process rights.  In the state proceeding, different plaintiffs argue that the Enforcement Notice is not the Attorney General's advisory of her interpretation of a criminal law but rather constitutes a regulation under the state Administrative Procedures Act, and the Attorney General did not provide the requisite public hearing and comment period. *See* Mass. Gen. L. c. 30A, § 2(a).  Undoubtedly, the two cases are related, but they are not parallel.

This Court already determined at the motion to dismiss stage that the Enforcement Notice is "regulatory in effect" under *F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 132 S.Ct. 2307 (2012) (permitting a guidance document to be reviewed for vagueness because the need for "clarity in regulation is essential to the protection afforded by the Due Process Clause of the Fifth Amendment").  Accordingly, this Court found the Enforcement Notice warrants constitutional review for vagueness without reaching the state law issue. *Pullman Arms*, 301 F. Supp. 3d at 231. *Cf. Currie*, 290 F.3d at 10 ("If we conclude that Title II encompasses employment practices*, we must determine* whether the LTD program is protected by the [state law] safe harbor provision. That federal statutory question is intertwined with a complex issue of state law, pending before the state courts." (emphasis added)).

---

[2] The court in *Adkins* also noted a general alignment of interests between the parties and nonetheless found that because the parties were different parallel litigation did not exist. 644 F.3d at 499 ("In an ideal world, of course, one would expect IDEM to represent the interests of these citizen-plaintiffs, and we recognize a general alignment of their interests even here.").

Further, it is not clear if the state court's holding will resolve this action, which renders the case inappropriate for a stay under *Colorado River*. *See Moses H. Cone*, 460 U.S. at 28, 103 S.Ct. 927 ("When a[ ] court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.  If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all."); *Currie*, 290 F.3d at 12 ("A stay under *Colorado River* is appropriate only where the parties may obtain complete relief in the state court proceedings.");  *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 982 (9th Cir. 2011) ("We have held that the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a *Colorado River* stay or dismissal." (quotation marks and citation omitted)).

Specifically, if the state court determines the Enforcement Notice is an advisory it would not affect Plaintiffs' vagueness claim.[3]  On the other hand, if the state court holds that the notice is a regulation requiring notice and a hearing under state law, it is not certain that that holding would moot any issues in the federal proceeding.  If the state court determines that the notice is a regulation, the Supreme Judicial Court has demonstrated its willingness to defer judgment to allow state officials to "adopt[] the regulation anew in conformance with the APA." *Carey v. Commissioner of Correction*, 479 Mass. 367, 374, 95 N.E.3d 220 (2018).  *Cf. Nazario-Lugo*, 670 F.3d at 116 ("In *Currie*, for example, we stayed resolution of the federal appeal in deference to a

---

[3] Attorney General Healey contends that if the Massachusetts court rules that the Enforcement Notice is an advisory, both of Plaintiffs' constitutional claims would likely fail as a matter of law. (Docket No. 67, at 8).  With respect to the vagueness claim, Attorney General Healey contends that she would simply "renew her argument that, under the Supreme Courts' decision in *Beckles*, the Enforcement Notice (as an advisory) is not subject to pre-enforcement as-applied vagueness challenges." *Id.* at 8-9.  This Court, however, has already addressed and found problems with this argument. *See Pullman Arms*, 301 F. Supp. 3d at 230. Thus, it is unclear how a decision by the state court that the Notice is an advisory would simplify the vagueness claim in the federal proceeding.

parallel case pending in the state court system partly to avoid rending an advisory opinion." (citing *Currie*, 290 F.3d at 9-13)).  Therefore, if this Court were to stay litigation, it might only further delay litigation that has already lasted almost two and a half years.[4]

### Conclusion

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River*, 424 U.S. at 817, 96 S.Ct. 1236.  Attorney General Healy has not satisfied the heavy burden of demonstrating this case permits the Court to shirk that obligation.  Accordingly, Defendant's motion (Docket No. 67) is ***denied***.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[4] Indeed, one purpose animating *Colorado River* is to avoid duplicative litigation and the consequent inefficiencies.  Here, however, because the state proceedings may not resolve the issues in this litigation, it is not obvious that abstention would serve the interests of judicial economy.