UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PULLMAN ARMS INC, GUNS and GEAR,
LLC, PAPER CITY FIREARMS, LLC,
GRRR! GEAR, INC, and NATIONAL
SHOOTING SPORTS FOUNDATION, INC.,

Plaintiffs,

v.

MAURA HEALEY, ATTORNEY GENERAL
FOR THE COMMONWEALTH OF
MASSACHUSETTS,

Defendant.

CIVIL ACTION
No. 4:16-cv-40136

## <u>JOINT MOTION FOR ENTRY OF</u><br><u>STIPULATED PROTECTIVE ORDER TO GOVERN CONFIDENTIAL MATERIALS</u>

All parties in this matter hereby jointly move for a protective order to govern confidential information in this matter.  An agreed form of order is attached as Exhibit A ("Order").  Because this Action is a challenge to the scope of one of the Commonwealth's gun laws, the parties may need to disclose a variety of sensitive information that touch on gun sales practices, the scope of the Attorney General's gun investigations, personal gun ownership, names and addresses of gun owners, and other similar issues.  In addition, as discovery proceeds, other issues, not yet anticipated, may emerge that require confidential treatment.

Upon a showing of "good cause," Fed. R. Civ. P. 26(c)(1) permits the Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order that restricts or provides protocols related to the disclosure of discovery materials. The district court has "broad discretion" to decide "when a protective order

is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S.Ct. 2199, 2209, 81 L.Ed.2d 17 (1984).  Great deference is shown to the district judge in framing and administering such orders. *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 790 (1st Cir.1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989).

The proposed Order will facilitate discovery and is likely to minimize the need for court supervision of disputes about confidential information. It defines limited categories of potentially confidential information, provides a procedure for addressing disputed issues related to disclosure of information that either party believes in good faith is confidential, and creates a framework for the parties' use of such material in Court proceedings other than at trial.

*Wherefore*, the parties jointly request that the accompanying stipulated form of Order be entered by the Court.

PLAINTIFFS,
Pullman Arms Inc., et al.
By their attorneys,

/s/ David R. Kerrigan
Christopher A. Kenney, Esq., BBO# 556511
cakenney@KandSlegal.com
David R. Kerrigan, Esq., BBO# 550843
drkerrigan@KandSlegal.com
Kenney & Sams, P.C.
45 School Street
Boston, MA 02108
(617)722-6045

Michael J. Sullivan, Esq.
msullivan@ashcroftlawfirm.com
Ashcroft Law Firm
200 State Street
7th Floor
Boston, MA 02109

MAURA HEALEY
ATTORNEY GENERAL

  /s/ Elizabeth Kaplan
Elizabeth Kaplan, BBO #568911
Julia E. Kobick, BBO #680194
Assistant Attorneys General
Gary Klein, BBO #560769
Special Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2559
Elizabeth.kaplan@state.ma.us
gary.klein@state.ma.us
Julia.kobick@state.ma.us

Date:  May 29, 2019

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 29, 2019.

/s/ Elizabeth Kaplan
Elizabeth Kaplan
Assistant Attorney General