UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PULLMAN ARMS INC, GUNS and GEAR, LLC, PAPER CITY FIREARMS, LLC, GRRR! GEAR, INC, and NATIONAL SHOOTING SPORTS FOUNDATION, INC.,

    Plaintiffs,

v.

MAURA HEALEY, ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS,

    Defendant.

CIVIL ACTION
No. 4:16-cv-40136

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties acknowledge that discovery in the above captioned action ("the Action") may involve the production of confidential, private, and/or highly-sensitive documents and information of a non-public nature for which special protection from public disclosure and from use for any purpose other than conducting the Action may be warranted;

WHEREAS, the parties also acknowledge and agree that all documents and information produced during discovery in the Action will be used only in connection with prosecution or defense of the Action;

WHEREAS, the parties mutually wish to facilitate the production of documents and information without motion practice, and to provide an agreed-to framework for handling disputes concerning the claimed confidentiality of otherwise discoverable information that may arise in the Litigation;

WHEREAS, nothing in this stipulation or in any order entered in light of the parties'

agreement hereto is intended to supplant, substitute for, or alter any party's right to assert that any document or information is protected from disclosure in the Action by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable law, rule, regulation, or privilege;

THEREFORE, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

1. All "Confidential Materials," as defined herein, produced by a party in the Action shall be protected by the terms of this Stipulated Protective Order. The parties further stipulate that Confidential Materials shall be used only for proper purposes associated with this litigation and in accordance with the provisions of this Stipulated Protective Order.

2. "Confidential Materials" means documents, materials, testimony, interrogatory responses, admissions, denials and/or other information that a producing party designates as Confidential and produces during discovery based on a reasonable and good faith belief that the document, material or information contains:

   a) non-public personal information;
   b) information as to which disclosure is protected by law, regulation, or court order;
   c) other highly-sensitive information of a non-public nature including information that any party reasonably believes would endanger a person or members of the public if released; and/or
   d) information entitled to confidential treatment pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

3. The designation of confidential information shall be made by placing or affixing on the materials to be treated as confidential, in a manner which does not interfere with its

legibility, the word "Confidential." To the extent that only a portion of any document or other material is confidential under this Stipulated Protective Order, the designation shall be limited, to the extent practicable, only to the confidential portion. In the case of deposition testimony, a designation of confidentiality shall be made by written notice to all parties within ten days of receipt of the deposition transcript designating pages and line numbers to be designated as confidential, which written notice shall be deemed to be part of the transcript. During the ten day period following receipt of any deposition transcript in connection with the Action, the entire transcript will be treated as Confidential pursuant to this Stipulated Protective Order.

4. The Confidential Materials may only be disclosed or made available by the receiving party to "Qualified Persons," who are defined to consist of:

a) The Court and its support personnel (in the manner provided by paragraph 8 hereof);

b) Counsel for a party and such counsel's agents, including clerical, secretarial, paralegal staff, investigators, and outside service providers (including copy services, litigation consultants and their staff, document management services, and graphics services);

c) Court reporters engaged for the purposes of depositions or other proceedings and then, only for the purpose of the deposition or proceeding for which the engagement is made;

d) Experts and their staff who are assisting in the prosecution or defense of the Action;

e) Any person who counsel in good faith believes will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness");

f) Any third-party mediator, settlement judge, or arbitrator selected by the parties or assigned by the Court;

  g) The Plaintiffs and the Defendants, but limited to the officers and corporate counsel of corporate entities; and

  h) Any other person to whom the producing party agrees to in writing.

  5. The party in receipt of Confidential Materials must, prior to sharing Confidential Materials with persons specified in paragraphs 4(d), 4(e), 4(f), and 4(g), obtain and record the agreement in writing of the party with whom the documents were shared to maintain the confidentiality of the documents consistent with this Stipulated Protective Order.  The party in receipt of Confidential Materials must advise all persons identified in Paragraph 4 (other than those identified under Paragraph 4(a)) that Confidential Materials are governed by this Stipulated Protective Order and must provide a copy of this Stipulated Protective Order, that such materials may not be used for any purpose other than preparing for or conducting this Action, and that such materials are not to be disclosed or disseminated other than in the manner permitted by this Stipulated Protective Order.

  6. Nothing contained herein shall prevent any party from disclosing its own Confidential Materials as it deems appropriate, but any disclosure by a party of its own Confidential Materials shall be a waiver of the provisions contained herein.  For purposes of this provision, "disclosure" shall not include (a) inadvertent disclosure or (b) the sharing of information between or among agencies or political subdivisions of the Commonwealth in the course of its ordinary business.

  7. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in the Action.

  8. At least two days before filing in Court any pleadings or other documents which

are marked "Confidential" or which contain Confidential Materials, the parties shall confer and seek agreement on redactions that would permit the filing of the pleadings or other documents in open court.  To the extent any party seeks impoundment of any document by the Court, a motion with be made in accordance with Local Rule 7.2.  The parties recognize that impoundment may only be ordered by the Court on a particularized showing, and that in its consideration of whether any pleadings or documents may be filed under seal, the Court is not bound by the designation of any material as "Confidential" and any such designation shall not create any presumption that documents so designated are entitled to confidential treatment or impoundment.

9. If Confidential Materials received by a party are subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall give written notice of the subpoena (including the delivery of a copy thereof) to counsel for the producing party ten business days prior to the time when production of the information is requested by subpoena.  In the event that the subpoena purports to require production of such Confidential Materials on less than ten days' notice, the party to whom the subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena, and forthwith deliver by hand or electronic copy thereof, to counsel for the producing party. Absent a court order to the contrary, the party to whom the subpoena is directed shall not produce Confidential Materials until the earlier of: (i) the receipt of written consent from the producing party; (ii) the return date of the subpoena or other process (unless the obligation to respond is stayed); (iii) five business days, or such shorter period as the presiding court may direct, after a decision is issued on any motion to quash or motion for a protective order.  Nothing herein shall prevent any party subject to this Stipulated Protective Order from complying with an order of a court, including the subject subpoena, and nothing

herein shall require the party to whom the subpoena is directed to take any affirmative steps other than the giving of notice to the producing party.

10. If, at any time, any party wishes for any reason to dispute a designation of any Confidential Materials hereunder, such party shall notify the producing party of such dispute in writing, identifying the Confidential Materials in dispute.  Within ten days, the producing party shall state in writing to the party disputing the designation the basis for having designated the materials as Confidential. If no such statement in writing is given within ten days, the identified Confidential Materials shall no longer be treated as Confidential.  Following receipt of such statement, the parties shall confer regarding the Confidential Materials in dispute.  If the parties are unable amicably to resolve the dispute, the producing party may move the Court, within twenty-one (21) days of the date of said impasse, for a ruling as to whether the designated materials may properly be treated as Confidential.  Designation of any material as "Confidential" shall not create any presumption that documents and transcripts so designated are Confidential, and shall not shift the burden of establishing entitlement to confidential treatment from the producing party.  If the producing party does not timely move the Court for said ruling, then the identified Confidential Materials shall no longer be treated as Confidential.

11. At the conclusion of the Action, the producing party has the right to request that, to the extent permitted under Massachusetts law, all Confidential Materials be returned or destroyed.  Counsel of record may retain for his or her files copies of any of counsel's own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits, which contain Confidential Materials or reproduce the content of Confidential Materials.  Such retained copies will remain subject to the restrictions herein.

12. Nothing in the foregoing shall control or govern the use of Confidential Materials as evidence at trial. The parties contemplate agreeing upon and submitting a stipulated pretrial order governing procedures for handling Confidential Materials at trial.

13. The inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to a privilege or the work-product protection shall not waive the privilege or the protection for either that document or for the subject matter of that document.

14. Any documents the producing party deems to have been inadvertently disclosed and to be subject to a privilege or the work-product protection shall be subject to the provisions of Fed. R. Civ. P. 26(b)(5)(B).

15. This Stipulated Protective Order may be signed by counsel of record in counterparts, all of which taken together shall constitute one fully executed copy of this Stipulated Protective Order representing the agreement and consent of the parties to this Action.

16. If any provision of the foregoing shall be invalidated, illegal, or otherwise unenforceable, such provision shall be severable from all other provisions of the foregoing, and the validity, legality and enforceability of the remaining provisions shall not be adversely affected or impaired, and shall thereby remain in full force and effect.

17. The foregoing constitutes the entire agreement between the parties with respect to the subject matter hereof, and any and all previous representations with respect to such subject matter, either oral or written, are hereby annulled and superseded.  The fact that any provision has been altered or removed from a prior draft of this Stipulated Protective Order shall not be offered to prove the intent of the parties, the contents of the Stipulated Protective Order, or the manner in which the foregoing should be interpreted.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

PLAINTIFFS,
Pullman Arms Inc., et al.
By their attorneys,

/s/ David R. Kerrigan
Christopher A. Kenney, Esq., BBO# 556511
cakenney@KandSlegal.com
David R. Kerrigan, Esq., BBO# 550843
drkerrigan@KandSlegal.com
Kenney & Sams, P.C.
45 School Street
Boston, MA 02108
(617)722-6045

Michael J. Sullivan, Esq.
msullivan@ashcroftlawfirm.com
Ashcroft Law Firm
200 State Street
7th Floor
Boston, MA 02109



MAURA HEALEY
ATTORNEY GENERAL

 /s/ Elizabeth Kaplan
Elizabeth Kaplan (BBO No. 568911)
Julia E. Kobick, BBO #680194
Assistant Attorneys General
Gary Klein, BBO #560769
Special Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2559
Elizabeth.kaplan@state.ma.us
gary.klein@state.ma.us
Julia.kobick@state.ma.us

Date:  May 29, 2019

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: ___6/11/19_____

SIGNED: ___/s/ Timothy S. Hillman    USDJ____
[JUDGE]