# EXHIBIT 10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PULLMAN ARMS INC., GUNS and GEAR, LLC, PAPER CITY FIREARMS, LLC, GRRR! GEAR, INC., and NATIONAL SHOOTING SPORTS FOUNDATION, INC.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MAURA HEALEY, ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS<br><br>　　　　Defendant. | CASE NO.: 4:16-cv-40136-TJH |

**DEFENDANT'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES TO THE ATTORNEY GENERAL**

Pursuant to Fed. R. Civ. P., Rule 33, plaintiffs submitted to the defendant Maura Healey, in her capacity as attorney general for the commonwealth of Massachusetts ("AG"), the following interrogatories to be answered under oath. Set out below the interrogatories are the attorney general's responses and objections. The plaintiffs' definitions are retained in this response solely for the convenience of the parties and without prejudice to the Attorney General's right to object to those definitions and instructions in whole or in part.

**Definitions**

1.　The definitions set forth in D. Mass. LR 26.5 are deemed incorporated by reference, including but not limited to the definitions for the terms and phrases:

"communication," "document," "identify (with respect to persons)" identify (with respect to documents)", "plaintiff," "defendant," "person," "concerning," and "state the basis."

2. "Plaintiffs" shall refer to Pullman, Arms, Inc., Guns and Gear, LLC, Paper City Firearms, LLC, GRRR! Gear, Inc., and National Shooting Sports Foundation Inc.

3. "Attorney General" shall refer to Defendant Attorney General Maura Healey and anyone acting on her behalf.

4. "Enforcement Notice" refers to the Enforcement Notice issued by the Office of the Attorney General on July 20, 2016, attached to the Amended Complaint as Exhibit G.

## INTERROGATORIES

### INTERROGATORY NO. 14

Please identify the persons assisting with drafting or contributing information to the Attorney General's answers to Interrogatories No. 3-11 (excluding persons assisting with the drafting of objections to those interrogatories).

> The Attorney General ("AG") objects to this interrogatory on the ground that the meaning of the terms "assisting with drafting" and "contributing information" is unclear.
>
> Subject to the above objection:
>
> Gary Klein, Special Assistant Attorney General
> Julia Kobick, Assistant Attorney General, Administrative Law Division
> William Porter, Chief, Administrative Law Division
> David Bolcome, [Formerly] Civil Investigator

### INTERROGATORY NO. 15

Identify, by name and employer or organization affiliation, all individuals other than employees of the Attorney General's Office who provided the Attorney General's Office with information, data, assistance, suggestions, or proposed language regarding the Enforcement Notice.

The AG objects to this interrogatory on the basis that her response is not relevant to this matter within the meaning of Fed. R. Civ. P. 26(b)(1); nor is the request reasonably calculated to lead to the discovery of admissible evidence. More specifically, the Enforcement Notice is a document that speaks for itself and the names of persons with whom the AGO consulted regarding the Enforcement Notice are not relevant to any issue in this case.

The AG objects to this request to the extent that the request would call for information that represents attorney work product and attorney-client privileged documents, or that is subject to the deliberative process privilege.

The AG further objects on the basis that this interrogatory suggests an intent to call for disclosure of information that the AG is legally precluded from making public under Mass. R. Crim. P. 5 and which if disclosed could obstruct or impede criminal investigations. The AG is further legally precluded from providing records divulging or tending to divulge the names and addresses of persons who own or possess firearms, rifles, shotguns, machine guns and ammunition pursuant to M.G.L. c. 66, § 10(d).

The AG also objects on the basis of well established common law privileges including the privilege protecting law enforcement investigative information and techniques, *see, e.g., Puerto Rico v. United States*, 490 F.3d 50, 62-64 (1st Cir. 2007), and the privilege protecting communications made to her or her office to secure the enforcement of law. *See e.g., District Attorney v. Flatley*, 419 Mass. 507, 510 (1995). The AG further objects on the ground that inquiries made and responses to such inquiries under the Enforcement Notice are confidential.

Signed under the pains and penalties of perjury this 24th day of May, 2019, on behalf of Maura Healey, in her capacity as Attorney General, based on information known to the undersigned, or information made available to the undersigned, which to the best of his understanding is true.

    /s/ Gary Klein_____
Gary Klein
Special Assistant Attorney General
Office of the Attorney General

As to Objections:

/s/ Julia E. Kobick_____
Julia E. Kobick, BBO # 680194
William W. Porter, BBO # 542207
Elizabeth Kaplan, BBO # 568911

3

                                          Assistant Attorneys General
                                        Office of the Attorney General
                                        One Ashburton Place
                                        Boston, MA  02108
                                        617-963-2559
                                        Date: May 24, 2019
                                        julia.kobick@state.ma.us

## CERTIFICATE OF SERVICE

     I certify that this document will be served by email on counsel for all Plaintiffs on May 24, 2019 (with electronic signatures)  and via first class mail, postage prepaid on May 28, 2019 (with original signatures).

                                        /s/ Julia E. Kobick
                                        Assistant Attorney General

4