# EXHIBIT 11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
PULLMAN ARMS INC., GUNS and GEAR, LLC,  )
PAPER CITY FIREARMS, LLC,               )
GRRR! GEAR, INC., and                   )
NATIONAL SHOOTING SPORTS                )
FOUNDATION, INC.                        )
                                        )
            Plaintiffs,                 )        CASE NO.: 4:16-cv-40136-TJH
                                        )
v.                                      )
                                        )
MAURA HEALEY, ATTORNEY GENERAL          )
FOR THE COMMONWEALTH OF                 )
MASSACHUSETTS                           )
                                        )
            Defendant.                  )
_____)

**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
TO DEFENDANT MAURA HEALEY, ATTORNEY GENERAL FOR THE
COMMONWEALTH OF MASSACHUSETTS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiffs submitted

the following Requests for Admission ("Requests") to be admitted by Defendant Maura Healey,

in her capacity as Attorney General for the Commonwealth of Massachusetts ("Attorney

General"). Set out below the requests are the Attorney General's responses and objections. The

Plaintiffs' Definitions and Instructions are retained in this Response solely for the convenience

of the parties and without prejudice to the Attorney General's right to object to those Definitions

and Instructions in whole or in part.

**Definitions**

1.      "Enforcement Notice" refers to Enforcement Notice, subtitled "Prohibited Assault

Weapons," issued on July 20, 2016  by the Office of the Attorney General.

2.      The "Complaint" shall refer to Plaintiffs' Amended Complaint in the above-captioned action.

3.      The "Answer" shall refer to Defendant's Answer to Plaintiffs' Amended Complaint in the above-captioned action.

4.      "Plaintiffs' First Set Of Interrogatories To The Attorney General" shall refer to the pleading titled Plaintiffs' First Set Of Interrogatories To The Attorney General, and dated March 22, 2019, in the above-captioned action.

## Instructions

1.      If you object to any of the Requests, please state the reasons as required by Fed. R. Civ. P. 36 ("Rule 36").

2.      If you deny any of the Requests, your denial must fairly meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you must specify so much of it as is true and qualify or deny the remainder, pursuant to Rule 36.

3.      Under Rule 36, you may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

4.      If you consider that a matter of which an admission has been requested presents a genuine issue for trial, you may not, under Rule 36, on that ground alone, object to the Request.

5.      Pursuant to Fed. R. Civ. P. 37(c), Plaintiff intends to seek costs in proving the truthfulness of any matter not admitted.

6.      Each of your admissions, denials, objections, or statements shall be preceded by the Request to which it responds.

## REQUESTS FOR ADMISSION

1.      The IWI Tavor, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the Similarity Test in the Enforcement Notice.

Request for Admission No. 1 is ADMITTED.

2.      The IWI Tavor, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the Interchangeability Test in the Enforcement Notice.

Request for Admission No. 2 is ADMITTED.

3.      Law enforcement officials, other than the Attorney General's Office, may properly determine that the IWI Tavor, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under the Enforcement Notice.

The Attorney General objects to this Request on the ground that the terms "Law enforcement officials" and "properly determine" are undefined and unclear.  For the purpose of this response, the Attorney General will assume that "Law enforcement officials" is intended to mean officials in the state of Massachusetts who are applying the Massachusetts Assault Weapons Ban in light of the guidance contained in the Enforcement Notice to determine if a particular weapon is a copy or duplicate of a prohibited assault weapon.  The Attorney General will further assume that "properly determine" is intended to mean that a hypothetical Law enforcement official could make

a factually accurate determination that the weapon identified in this Request for Admission is a copy or duplicate of an enumerated assault weapon under the Massachusetts Assault Weapons Ban in light of the guidance contained in the Enforcement Notice.  With these assumptions, Request for Admission No. 3 is DENIED.

4.      Law enforcement officials, other than the Attorney General's Office, may not properly determine that the IWI Tavor, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under the Enforcement Notice.

Subject to the objections and assumptions contained in her response to Request for Admission No. 3, Request for Admission No. 4 is ADMITTED.

5.      Law enforcement officials, other than the Attorney General's Office, may properly determine that the IWI Tavor, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under G.L. c. 140, § 121.

Same as response to Request for Admission No. 3.

6.      Law enforcement officials, other than the Attorney General's Office, may not properly determine that the IWI Tavor, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under G.L. c. 140, § 121.

Same as response to Request for Admission No. 4.

7.      The document attached here at Exhibit 1 is a true and accurate copy of a November 3, 2016 email from Gary Klein to Judith Szczygiel.

Request for Admission No. 7 is ADMITTED.

8.      The document attached here at Exhibit 1 is a public record within the meaning of Fed. R. Evid. 803(8).

The Attorney General objects to this request on the ground that it is irrelevant.  Subject to this objection, the Attorney General does not intend to object to the admissibility of the document labeled Exhibit 1, other than on the basis of relevance.  To the extent a further answer is required, Request for Admission No. 8 is DENIED.

9.      On November 3, 2016, in response to a November 2, 2016 email from Judith Szczygiel to GunInquiries@MassMail.State.MA.US asking whether the IWI Tavor is a prohibited "assault weapon" in light of the Enforcement Notice,  the Office of the Attorney General replied that it "has not taken a position on the sale of the Tavor as of this time."

Objection.  Exhibit 1 speaks for itself.  To the extent that a further answer is required, Request for Admission No. 9 is ADMITTED.

10.      The Attorney General's Office had not made the determination that the IWI Tavor, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the tests set forth in the Enforcement Notice, until after the Attorney General's Office received Plaintiffs' First Set Of Interrogatories To The Attorney General.

Objection.  Exhibit 1 speaks for itself.  To the extent a further answer is required, Request for Admission No. 10 is DENIED.

11.　　The Kel-Tec RFB, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the Similarity Test in the Enforcement Notice.

Request for Admission No. 11 is ADMITTED.

12.　　The Kel-Tec RFB, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the Interchangeability Test in the Enforcement Notice.

Request for Admission No. 12 is ADMITTED.

13.　　Law enforcement officials, other than the Attorney General's Office, may properly determine that the Kel-Tec RFB, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under the Enforcement Notice.

The Attorney General objects to this Request on the ground that the terms "Law enforcement officials" and "properly determine" are undefined and unclear.  For the purpose of this response, the Attorney General will assume that "Law enforcement officials" is intended to mean officials in the state of Massachusetts who are applying the Massachusetts Assault Weapons Ban in light of the guidance contained in the Enforcement Notice to determine if a particular weapon is a copy or duplicate of a prohibited assault weapon.  The Attorney General will further assume that "properly

determine" is intended to mean that a hypothetical Law enforcement official could make a factually accurate determination that the weapon identified in this Request for Admission is a copy or duplicate of an enumerated assault weapon under the Massachusetts Assault Weapons Ban in light of the guidance contained in the Enforcement Notice.  With these assumptions, Request for Admission No. 13 is DENIED.

14.     Law enforcement officials, other than the Attorney General's Office, may not properly determine that the Kel-Tec RFB, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under the Enforcement Notice.

Subject to the objections and assumptions contained in her response of Request for Admission No. 13, Request for Admission No. 14 is ADMITTED.

15.     Law enforcement officials, other than the Attorney General's Office, may properly determine that the Kel-Tec RFB, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under G.L. c. 140, § 121.

Same as response to Request No. 13.

16.     Law enforcement officials, other than the Attorney General's Office, may not properly determine that the Kel-Tec RFB, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under G.L. c. 140, § 121.

Same as response as response to Request No. 14.

17.     The Attorney General's Office had not made the determination that the Kel-Tec RFB, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the tests set forth in the Enforcement Notice, until after the Attorney General's Office received Plaintiffs' First Set Of Interrogatories To The Attorney General.

Request for Admission No. 17 is DENIED.

18.     The FN PS90, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the Similarity Test in the Enforcement Notice.

Request for Admission No. 18 is ADMITTED.

19.     The FN PS90, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the Interchangeability Test in the Enforcement Notice.

Request for Admission No. 19 is ADMITTED.

20.     Law enforcement officials, other than the Attorney General's Office, may properly determine that the FN PS90, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under the Enforcement Notice.

The Attorney General objects to this Request on the ground that the terms "Law enforcement officials" and "properly determine" are undefined and unclear.  For the purpose of this response, the Attorney General will assume that "Law enforcement officials" is intended to mean officials in the state of Massachusetts who are applying the Massachusetts Assault Weapons Ban in light of the guidance contained in the Enforcement Notice to determine if a particular weapon is a copy or duplicate of a prohibited assault weapon.  The Attorney General will further assume that "properly determine" is intended to mean that a hypothetical Law enforcement official could make a factually accurate determination that the weapon identified in this Request for Admission is a copy or duplicate of an enumerated assault weapon under the Massachusetts Assault Weapons Ban in light of the guidance contained in the Enforcement Notice.  With these assumptions, Request for Admission No. 20 is DENIED.

21.     Law enforcement officials, other than the Attorney General's Office, may not properly determine that the FN PS90, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under the Enforcement Notice.

Subject to the objections and assumptions contained in her response of Request for Admission No. 20, Request for Admission No. 21 is ADMITTED.

22.     Law enforcement officials, other than the Attorney General's Office, may properly determine that the FN PS90, as currently designed, as commonly constructed and

configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under G.L. c. 140, § 121.

Same as Response to Request No. 20.

23.     Law enforcement officials, other than the Attorney General's Office, may not properly determine that the FN PS90, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under G.L. c. 140, § 121.

Same as Response to Request No. 21.

24.     The Attorney General's Office had not made the determination that the FN PS90, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the tests set forth in the Enforcement Notice, until after the Attorney General's Office received Plaintiffs' First Set Of Interrogatories To The Attorney General.

Request for Admission No. 24 is DENIED.

25.     The Smith and Wesson M&P 15-22, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the Similarity Test in the Enforcement Notice.

Request for Admission No. 25 is ADMITTED.

26.     The Smith and Wesson M&P 15-22, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the Interchangeability Test in the Enforcement Notice.

, Request for Admission No. 26 is ADMITTED.

27.     Law enforcement officials, other than the Attorney General's Office, may properly determine that the Smith and Wesson M&P 15-22, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under the Enforcement Notice.

The Attorney General objects to this Request on the ground that the terms "Law enforcement officials" and "properly determine" are undefined and unclear.  For the purpose of this response, the Attorney General will assume that "Law enforcement officials" is intended to mean officials in the state of Massachusetts who are applying the Massachusetts Assault Weapons Ban in light of the guidance contained in the Enforcement Notice to determine if a particular weapon is a copy or duplicate of a prohibited assault weapon.  The Attorney General will further assume that "properly determine" is intended to mean that a hypothetical Law enforcement official could make a factually accurate determination that the weapon identified in this Request for Admission is a copy or duplicate of an enumerated assault weapon under the Massachusetts Assault Weapons Ban in light of the guidance contained in the Enforcement Notice.  With these assumptions, Request for Admission No. 27 is DENIED.

28.     Law enforcement officials, other than the Attorney General's Office, may not properly determine that the Smith and Wesson M&P 15-22, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under the Enforcement Notice.

Subject to the objections and assumptions contained in her response of Request for Admission No. 27, Request for Admission No. 28 is ADMITTED.

29.     Law enforcement officials, other than the Attorney General's Office, may properly determine that the Smith and Wesson M&P 15-22, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under G.L. c. 140, § 121.

Same as Response to Request for Admission No. 27.

30.     Law enforcement officials, other than the Attorney General's Office, may not properly determine that the Smith and Wesson M&P 15-22, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under G.L. c. 140, § 121.

Same as Response to Request for Admission No. 28.

31.     The Attorney General's Office had not made the determination that the Smith and Wesson M&P 15-22, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the tests set forth in the Enforcement Notice, until after the Attorney General's Office received Plaintiffs' First Set Of Interrogatories To The Attorney General.

Request No. 31 is DENIED.  See Exhibit I to the Amended Complaint.

32.     The Springfield Armory M1A, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the Similarity Test in the Enforcement Notice.

Request for Admission No. 32 is ADMITTED.

33.     The Springfield Armory M1A, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the Interchangeability Test in the Enforcement Notice.

Request for Admission No. 33 is ADMITTED.

34.     Law enforcement officials, other than the Attorney General's Office, may properly determine that the Springfield Armory M1A, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under the Enforcement Notice.

The Attorney General objects to this Request on the ground that the terms "Law enforcement officials" and "properly determine" are undefined and unclear.  For the purpose of this response, the Attorney General will assume that "Law enforcement officials" is intended to mean officials in the state of Massachusetts who are applying the Massachusetts Assault Weapons Ban in light of the guidance contained in the Enforcement Notice to determine if a particular weapon is a copy or duplicate of a

prohibited assault weapon.  The Attorney General will further assume that "properly determine" is intended to mean that a hypothetical Law enforcement official could make a factually accurate determination that the weapon identified in this Request for Admission is a copy or duplicate of an enumerated assault weapon under the Massachusetts Assault Weapons Ban in light of the guidance contained in the Enforcement Notice.  With these assumptions, Request for Admission No. 34 is DENIED.

35.     Law enforcement officials, other than the Attorney General's Office, may not properly determine that the Springfield Armory M1A, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under the Enforcement Notice.

Subject to the objections and assumptions contained in her response of Request for Admission No. 34, Request for Admission No. 35 is ADMITTED.

36.     Law enforcement officials, other than the Attorney General's Office, may properly determine that the Springfield Armory M1A, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under G.L. c. 140, § 121.

Same as response to Request No. 34.

37.     Law enforcement officials, other than the Attorney General's Office, may not properly determine that the Springfield Armory M1A, as currently designed, as commonly

constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under G.L. c. 140, § 121.

Same as response to Request No. 35.

38.     The Attorney General's Office had not made the determination that the Springfield Armory M1A, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the tests set forth in the Enforcement Notice, until after the Attorney General's Office received Plaintiffs' First Set Of Interrogatories To The Attorney General.

Request for Admission No. 38 is DENIED.  See Exhibit I to the Amended Complaint.

39.     The MK 14 EBR, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the Similarity Test in the Enforcement Notice.

The Attorney General objects to this Request on the basis that her response is not relevant to this matter within the meaning of Fed. R. Civ. P. 26(b)(1); nor is the request reasonably calculated to lead to the discovery of admissible evidence.  The MK 14 EBR is not a weapon that is named in the Complaint as to which the Plaintiffs assert their claim that the Enforcement Notice is vague, or as to which the plaintiffs seek relief in the Amended Complaint's Prayer for Relief.

The Attorney General further objects on the grounds that the term "MK 14 EBR" appears to be a designation for a class of weapons and does not apply to a specific currently manufactured semi-automatic make and model of weapon that the AGO can evaluate

pursuant to the Enforcement Notice. The AGO further objects on the grounds that the Request for Admission appears to refer to an undesignated "manufacturer".

40.     The MK 14 EBR, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the Interchangeability Test in the Enforcement Notice.

Same as Response to Request for Admission No. 39.

41.     Law enforcement officials, other than the Attorney General's Office, may properly determine that the MK 14 EBR, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under the Enforcement Notice.

Same as Response to Request for Admission 39.

42.     Law enforcement officials, other than the Attorney General's Office, may not properly determine that the MK 14 EBR, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under the Enforcement Notice.

Same as Response to Request for Admission 39.

43.     Law enforcement officials, other than the Attorney General's Office, may properly determine that the MK 14 EBR, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under G.L. c. 140, § 121.

Same as response to Request for Admission 39.

44.     Law enforcement officials, other than the Attorney General's Office, may not properly determine that the MK 14 EBR, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is a prohibited "assault weapon" under G.L. c. 140, § 121.

Same as response to Request for Admission 39.

45.     The Attorney General's Office had not made the determination that the MK 14 EBR, as currently designed, as commonly constructed and configured by the manufacturer, and not modified to include two or more prohibited features, is not a prohibited "assault weapon" under the tests set forth in the Enforcement Notice, until after the Attorney General's Office received Plaintiffs' First Set Of Interrogatories To The Attorney General.

Same as response to Request for Admission 39.

46.     Christine Noyes of Grrr! Gear, Inc. contacted the Attorney General's Office at the telephone number the Attorney General's Office provided for Enforcement Notice-related inquiries, to ask about the applicability of the Enforcement Notice to certain Ruger firearms, and the Attorney General's Office employee in response advised her that the retailer should to use its "best judgment."

The Attorney General objects to this Request for Admission on the ground that the two-word term ("best judgment") being inquired about is taken out of the context of a telephone discussion which would have included other important, relevant information responsive to Ms. Noyes' inquiry.  The Attorney General further objects on the ground

-17-

that the specific make and model of Ruger Firearm(s) as to which Ms. Noyes' inquiry was made is not identified.  By way of further response, the Attorney General Admits that the term "best judgment" is likely to have been used in the context of describing options to Ms. Noyes for evaluating one or more Ruger firearms. See also Exhibit I to the Amended Complaint, specifically addressing the Ruger Mini-14.

47.    An employee of the Attorney General's Office has at least once, in response to a retailer's question as to the applicability of the Enforcement Notice to specific firearms, advised a retailer to use its "best judgment."

The Attorney General objects to this Request for Admission on the ground that the term "best judgment," when used in response to an inquiry, was used in the context of an extended telephone discussion that included other important, relevant information responsive to the inquiry.  The Attorney General further objects that the inquiries to which such term may have been used in response are not identified.  By way of further response, the Attorney General Admits that the term "best judgment" is likely to have been used at least once as part of a response to a retailer's question as to the applicability of the Enforcement Notice to specific firearms,

48.    The Attorney General's Office did not provide public notice regarding the Enforcement Notice before July 20, 2016.

Request for Admission No. 48 is ADMITTED.

49.    The Attorney General's Office did not provide to Pullman Arms, Inc. notice regarding the Enforcement Notice before July 20, 2016.

-18-

Request for Admission No. 49 is ADMITTED.

50.     The Attorney General's Office did not provide to Guns and Gear, LLC notice regarding the Enforcement Notice before July 20, 2016.

Request for Admission No. 50 is ADMITTED.

51.     The Attorney General's Office did not provide to Paper City Firearms, LLC notice regarding the Enforcement Notice before July 20, 2016.

Request for Admission No. 51 is ADMITTED.

52.     The Attorney General's Office did not provide to Grrr! Gear, Inc. notice regarding the Enforcement Notice before July 20, 2016.

Request for Admission No. 52 is ADMITTED.

53.     The Attorney General's Office did not solicit comments from the public regarding the Enforcement Notice before July 20, 2016.

Request for Admission No. 53 is ADMITTED.

54.     The Attorney General's Office did not provide to Pullman Arms, Inc. the opportunity to provide comments regarding the Enforcement Notice before July 20, 2016.

Request for Admission No. 54 is ADMITTED.

55.     The Attorney General's Office did not provide to Guns and Gear, LLC the opportunity to provide comments regarding the Enforcement Notice before July 20, 2016.

Request for Admission No. 55 is ADMITTED.

56.     The Attorney General's Office did not provide to Paper City Firearms, LLC the opportunity to provide comments regarding the Enforcement Notice before July 20, 2016.

Request for Admission No. 56 is ADMITTED.

57.     The Attorney General's Office did not provide to Grrr! Gear, Inc. the opportunity to provide comments regarding the Enforcement Notice before July 20, 2016.

Request for Admission No. 57 is ADMITTED.

58.     The document attached to the Amended Complaint at Exhibit A is a true and accurate copy of pages of a website maintained by the Attorney General's Office, as it appeared on September 20, 2016.

It is Admitted that the document attached to the Amended Complaint as Exhibit A appeared for some period of time on a website maintained by the Attorney General's Office, however the AGO does not have the capacity to identify the content of the AGO website on any particular date and therefore cannot admit or deny that Exhibit A to the Amended Complaint represents material available on its website on September 20, 2016.

59.     The Attorney General's Office prepared the text appearing on Exhibit A to the Amended Complaint.

Request for Admission No. 59 is ADMITTED.

60.     The document attached to the Amended Complaint at Exhibit A is a public record within the meaning of Fed. R. Evid. 803(8).

Request for Admission No. 60 is ADMITTED.

61.     The document attached to the Amended Complaint at Exhibit B is a true and accurate copy of a letter dated February 17, 1994 from Larry E. Craig, United States Senator, to John W. Magaw, of the Bureau of Alcohol, Tobacco and Firearms.

Request for Admission No. 61 is ADMITTED.

62.     The document attached to the Amended Complaint at Exhibit B is part of the federal Congressional record.

Request for Admission No. 62 is ADMITTED.

63.     The document attached to the Amended Complaint at Exhibit B is a public record within the meaning of Fed. R. Evid. 803(8).

Request for Admission No. 63 is ADMITTED.

64.     The document attached to the Amended Complaint at Exhibit C is a true and accurate copy of a letter dated April 1, 1994 from John W. Magaw, of the Bureau of Alcohol, Tobacco and Firearms, to Larry E. Craig, United States Senator.

Request for Admission No. 64 is ADMITTED.

65.     The document attached to the Amended Complaint at Exhibit C is part of the federal Congressional record.

Request for Admission No. 65 is ADMITTED.

66.     The document attached to the Amended Complaint at Exhibit C is a public record within the meaning of Fed. R. Evid. 803(8).

Request for Admission No. 66 is ADMITTED.

67.     The document attached to the Amended Complaint at Exhibit D is a true and accurate copy of a portion of the Proceedings and Debates of the 103rd Congress, Second Session.

Request for Admission No. 67 is ADMITTED.

68.     The document attached to the Amended Complaint at Exhibit D is part of the federal Congressional record.

Request for Admission No. 68 is ADMITTED.

69.     The document attached to the Amended Complaint at Exhibit D is a public record within the meaning of Fed. R. Evid. 803(8).

Request for Admission No. 69 is ADMITTED.

70.     The document attached to the Amended Complaint at Exhibit E is a true and accurate copy of a portion of the Proceedings and Debates of the 103rd Congress, First Session.

Request for Admission No. 70 is ADMITTED.

71.     The document attached to the Amended Complaint at Exhibit E is part of the federal Congressional record.

Request for Admission No. 71 is ADMITTED.

72.    The document attached to the Amended Complaint at Exhibit E is a public record within the meaning of Fed. R. Evid. 803(8).

Request for Admission No. 72 is ADMITTED.

73.    The document attached to the Amended Complaint at Exhibit F is a true and accurate copy of Senate Bill No. 1985.

It is ADMITTED that Exhibit F represents an excerpt from Senate Bill No. 1985. It is DENIED that Exhibit F is a true and accurate copy of the entire bill.

74.    The document attached to the Amended Complaint at Exhibit F is a public record within the meaning of Fed. R. Evid. 803(8).

Request for Admission No. 74 is ADMITTED.

75.    The document attached to the Amended Complaint at Exhibit G is a true and accurate copy of the Enforcement Notice.

Request for Admission No. 75 is ADMITTED.

76.    The document attached to the Amended Complaint at Exhibit G is a public record within the meaning of Fed. R. Evid. 803(8).

Request for Admission No. 76 is ADMITTED.

77.     The document attached to the Amended Complaint at Exhibit H is a true and accurate copy of pages of a website maintained by the Attorney General's Office, as it appeared on August 18, 2016.

It is ADMITTED that the document attached to the Amended Complaint as Exhibit H appeared for some period of time on a website maintained by the Attorney General's Office, however the AGO does not have the capacity to identify the content of the AGO website on any particular date in the past and therefore cannot admit or deny that Exhibit H to the Amended Complaint represents material available on its website on August 18, 2016.

78.     The Attorney General's Office prepared the text appearing on Exhibit H to the Amended Complaint.

Request for Admission No. 78 is ADMITTED.

79.     The document attached to the Amended Complaint at Exhibit H is a public record within the meaning of Fed. R. Evid. 803(8).

Request for Admission No. 79 is ADMITTED.

80.     The document attached to the Amended Complaint at Exhibit I is a true and accurate copy of pages of a website maintained by the Attorney General's Office, as it appeared on August 24, 2016.

It is ADMITTED that the document attached to the Amended Complaint as Exhibit I appeared for some period of time on a website maintained by the

Attorney General's Office, however the AGO does not have the capacity to identify the content of the AGO website on any particular date in the past and therefore cannot admit or deny that Exhibit I to the Amended Complaint represents material available on its website on August 24, 2016.

81.     The Attorney General's Office prepared the text appearing on Exhibit I to the Amended Complaint.

Request for Admission No. 81 is ADMITTED.

82.     The document attached to the Amended Complaint at Exhibit I is a public record within the meaning of Fed. R. Evid. 803(8).

Request for Admission No. 82 is ADMITTED.

83.     The document attached to the Amended Complaint at Exhibit J is a true and accurate copy of a press release issued on July 20, 2018, as it appeared on a website maintained by the Attorney General's Office on August 16, 2016.

It is ADMITTED that the document attached to the Amended Complaint as Exhibit J appeared for some period of time on a website maintained by the Attorney General's Office, however the AGO does not have the capacity to identify the content of the AGO website on any particular date in the past and therefore cannot admit or deny that Exhibit I to the Amended Complaint represents material available on its website on August 16, 2016.

84.     The Attorney General's Office prepared the text of the press release appearing on Exhibit J to the Amended Complaint.

Request for Admission No. 84 is ADMITTED.

85.     The text of the press release shown on Exhibit J to the Amended Complaint was issued to media outlets on July 20, 2016.

Request for Admission No. 85 is ADMITTED.

86.     The document attached to the Amended Complaint at Exhibit J is a public record within the meaning of Fed. R. Evid. 803(8).

The Attorney General objects to this request on the ground that it is irrelevant. Subject to this objection, the Attorney General does not intend to object to the admissibility of the document attached to to the Amended Complaint as Exhibit 1, other than on the basis of relevance.  To the extent a further answer is required, Request for Admission No. 86 is DENIED.

87.     The document attached to the Amended Complaint at Exhibit K is a true and accurate copy of an opinion article by Attorney General Maura Healey, published in the Boston Globe on July 20, 2016, as it appeared on the Boston Globe's website.

Request for Admission No. 87 is ADMITTED.

88.     The Attorney General's Office prepared the text of the article attached to the Amended Complaint at Exhibit K

Request for Admission No. 88 is ADMITTED.

89.     The text of the article shown on Exhibit K to the Amended Complaint was printed in the Boston Globe newspaper on July 20, 2016.

Request for Admission No. 89 is ADMITTED.

90.     The document attached to the Amended Complaint at Exhibit K is a public record within the meaning of Fed. R. Evid. 803(8).

Request for Admission No. 90 is ADMITTED.

91.     The document attached to the Amended Complaint at Exhibit K is printed material from a newspaper or periodical within the meaning of Fed. R. Evid. 902(6).

Request for Admission No. 91 is ADMITTED.

92.     The document attached to the Amended Complaint at Exhibit L is a true and accurate copy of remarks of Attorney General Maura Healey as prepared for delivery on July 20, 2016.

Request for Admission No. 92 is ADMITTED.

93.     The Attorney General's Office prepared the text appearing on Exhibit L to the Amended Complaint.

Request for Admission No. 93 is ADMITTED.

94.     The document attached to the Amended Complaint at Exhibit L was issued to the public on the Attorney General Office's website.

Request for Admission No. 94 is ADMITTED.

95.     The prepared public remarks shown on Exhibit L to the Amended Complaint was delivered orally by Attorney General Maura Healey at a press conference on July 20, 2016.

> It is ADMITTED that the prepared remarks shown on Exhibit L to the Amended Complaint were the basis for the oral delivery about the Enforcement Notice made on July 20, 2016.  The prepared remarks may not have been delivered verbatim.

96.     The document attached to the Amended Complaint at Exhibit L is a public record within the meaning of Fed. R. Evid. 803(8).

> Request for Admission No. 96 is ADMITTED.

97.     The document attached here at Exhibit 2 is a true and accurate copy of a December 22, 2015 letter issued by Attorney General Maura Healey.

> Request for Admission No. 97 is ADMITTED.

98.     The Attorney General's Office prepared the text appearing on the letter attached here at Exhibit 2.

> Request for Admission No. 98 is ADMITTED.

99.     The document attached here at Exhibit 2 is a public record within the meaning of Fed. R. Evid. 803(8).

> Request for Admission No. 99 is ADMITTED.

/s/ Gary Klein

_____

Gary Klein, BBO # 560769
Special Assistant Attorney General
Julia E. Kobick, BBO # 680194
William W. Porter, BBO # 542207
Elizabeth Kaplan, BBO # 568911
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617-963-2559
Date: May 24, 2019          gary.klein@state.ma.us

## CERTIFICATE OF SERVICE

I certify that this document will be served electronically on counsel for all Plaintiffs on May 24, 2019, with electronic signatures and via first class mail, postage prepaid, on May 28, 2019, with original signatures.

/s/ Julia E. Kobick_____
Julia E. Kobick
Assistant Attorney General