# **EXHIBIT 13**




# Holyoke Police Department
## 138 Appleton Street
## Holyoke, Massachusetts 01040-5706

**ALEX B. MORSE**
Mayor

**MANUEL J. FEBO**
Chief of Police

May 8, 2019

Attorney David R Kerrigan
Reservoir Corporate Center
144 Turnpike Road
Southborough, MA  01772

      RE:    Subpoena Request dated April 24, 2019
               Response of Records Access Officer

Dear Attorney Kerrigan:

On April 24, 2019, we received your Subpoena for following records:

- All documents, notes, correspondence, memoranda, or records of any kind, whether hard copy or electronic, concerning the Enforcement Notice entitled "Prohibited Assault Weapons," issued on July 20, 2016 by the Office of the Attorney General ("Enforcement Notice"), and all documents concerning subsequent amendments, and interpretations of the Enforcement Notice, including those entitled "Guns That Are Not Assault Weapons."

As per our conversation today, and with respect to your subpoena, please be advised that this Department does not have possession, custody or control of the records requested. As a result, the Department in unable to respond to your subpoena.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Officer Caron L Porter
Records Access Officer

*Birthplace of Volleyball 1895*
Telephone: (413) 322-6900 • Fax: (413) 322-6910 • Email: generalmail@holyokepd.org



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PULLMAN ARMS INC., GUNS and GEAR, LLC, )
PAPER CITY FIREARMS, LLC, )
GRRR! GEAR, INC., and )
NATIONAL SHOOTING SPORTS )
FOUNDATION, INC. )
)
Plaintiffs, ) CASE NO.: 4:16-cv-40136-TJH
)
v. )
)
MAURA HEALEY, ATTORNEY GENERAL )
FOR THE COMMONWEALTH OF )
MASSACHUSETTS )
)
Defendant. )

## DOCUMENT SUBPOENA

TO:   Keeper of Records
      Holyoke Police Department
      138 Appleton Street
      Holyoke, MA 01040

A TRUE COPY ATTEST

*[signature]*

Process Server & Disinterested Person

Greetings:

YOU ARE HEREBY COMMANDED in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure to produce documents, electronically stored information and tangible things to the Plaintiffs, care of their attorney, David R. Kerrigan, at Kenney & Sams, P.C., Reservoir Corporate Center, 144 Turnpike Road, Southborough, MA 01772, within <u>21 days</u> of the service of this subpoena. You are required to produce the documents, electronically stored information, and tangible things listed on the attached Schedule A. Please see the requirements and protections afforded persons subject to this subpoena attached as Schedule B.

Hereof fail not as you will answer your default under the pains and penalties in the law in that behalf made and provided.

_____
Christopher A. Kenney, BBO# 556511
cakenney@kandslegal.com
David R. Kerrigan, BBO# 550843
drkerrigan@kandslegal.com
Kenney & Sams, P.C.
Reservoir Corporate Center
144 Turnpike Road, Suite 350
Southborough, MA 01772
(508) 490-8500

Dated: April 23, 2019

_____
Notary Public: Christina Kennedy
My Commission Expires: 7/30/21

2

# SCHEDULE A

You are required to produce:

1. All documents, notes, correspondence, memoranda, or records of any kind, whether hard copy or electronic, concerning the Enforcement Notice entitled "Prohibited Assault Weapons," issued on July 20, 2016 by the Office of the Attorney General ("Enforcement Notice"), and all documents concerning subsequent amendments, and interpretations of the Enforcement Notice, including those entitled "Guns That Are Not Assault Weapons."

2. All documents, notes, memoranda, or records of any kind, whether hard copy or electronic memorializing discussions, meetings, calls, conferences, or statements about the Enforcement Notice and any subsequent notice, amendment and interpretation of the Enforcement Notice, including those entitled "Guns That Are Not Assault Weapons."

3. All documents concerning communications with any person, business, agency, office or department, including without limitation any other law enforcement agency or police department concerning the Enforcement Notice and any subsequent notice, amendment and interpretation of the Enforcement Notice, including those entitled "Guns That Are Not Assault Weapons."

4. All documents concerning guidance of any kind provided internally or externally concerning the Enforcement Notice, including without limitation any training, interpretations or presentation materials to or from any person or entity, agency or office concerning the Enforcement Notice.

5. Any documents concerning the interpretation of the terms "copy" or "duplicate"

and the "similarity" or "interchangeability" tests as they are used in the Enforcement Notice.

6. All documents reflecting or concerning communications between the Holyoke Police Department and the Office of the Attorney General interpreting the Enforcement Notice.

7. All documents reflecting or concerning communications between the Holyoke Police Department and any person, business, department or agency concerning the Enforcement Notice.

8. All interpretations of the Enforcement Notice provided to any person.

9. All documents concerning questions received from anyone regarding the scope or interpretation of the Enforcement Notice and any subsequent notice, amendment and interpretation entitled "Guns That Are Not Assault Weapons."

10. All documents, including without limitation manufacturers' specifications, pamphlets, product materials, photographs, and drawings concerning the:

    a.    Firearms listed in the Enforcement Notice;

    b.    Any firearm that is considered a Copy or Duplicate pursuant to the Enforcement Notice; and

    c.    Any firearm that is not a Copy or Duplicate pursuant to the Enforcement Notice.

## **SCHEDULE B**

RULE 45

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) DUTIES IN RESPONDING TO A SUBPOENA.

 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery. (2) Claiming Privilege or Protection. (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications,

or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

      (B)    Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.