UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PULLMAN ARMS INC., GUNS and GEAR, LLC, PAPER CITY FIREARMS, LLC, GRRR! GEAR, INC., and NATIONAL SHOOTING SPORTS FOUNDATION, INC. <br><br> Plaintiffs, <br><br> v. <br><br> MAURA HEALEY, ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS <br><br> Defendant. | CASE NO.: 4:16-cv-40136-TJH |

**AFFIDAVIT OF DAVID KERRIGAN IN SUPPORT OF OPPOSITION
TO MOTION TO QUASH**

I, David R. Kerrigan, do hereby depose and state as follows:

1. I represent the Plaintiffs in the above-captioned civil action, and I am familiar with the discovery produced by the Attorney General to date in this action.

2. The Attorney General has produced documents on four occasions, totaling just over 3700 pages. The first production occurred on May 23; the second and third on June 12 and June 19, and the fourth on July 1, 2019. I was just informed this week on July 22 that the July 1st production is the last one to be produced by the Office, as they view their productions to be complete.

3. The first set of documents produced on May 23 was the largest, totaling just over 2700 pages. My understanding from communications with the assistant attorneys general is that this production was the same one made in response to a public records request over two years ago.

4. The vast majority of documents produced are firearm manuals available on-line or through other public sources. Much smaller groups of documents produced consist of emails representing questions to and from the Attorney General's office and members of the public concerning application of the Notice to firearms and heavily redacted call log of questions from retailers. Most if not all of those communications have been redacted so that the identity of the requestor and other relevant information is not known.

5. The Attorney General has not produced any prior versions of the Enforcement Notice, nor any internal emails concerning the Enforcement Notice either before or after it was published, nor any internal memorandum or communications regarding the Notice's interpretation, relying instead on privileges.

6. Because the Attorney General served the motion to quash last week, I spoke with the four police departments this week to make sure they understood that the depositions would not take place on the scheduled days. During one of those conversations, an officer from one of the four departments stated words to the effect that in his view, the notice was "subject to interpretation", and it allowed for one officer to say one thing and another officer another thing.

7. I have reviewed the distances between this office and the four police departments, and according to the well-known app Waze, all four departments are well within 100 miles of my firm's Southborough office, and the Worcester police department is just over 14 miles from this office.

Signed under the penalties of perjury this 26th day of July, 2019.

/s/ David R. Kerrigan