# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PULLMAN ARMS, INC, et al.,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAURA HEALEY, ATTORNEY<br>GENERAL FOR THE COMMONWEALTH<br>OF MASSACHUSETTS<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CIVIL ACTION
NO. 16-40136-TSH**

## <u>ORDER ON MOTION TO QUASH</u>

### August 13, 2019

Hennessy, M.J.

By order of reference dated August 2, 2019, pursuant to 28 U.S.C. § 636(b)(1)(A), (Docket #90), this matter was referred to me for a ruling on the Defendant Attorney General Maura Healey's motion to quash, (Docket #85). This matter is now ripe for adjudication. For the reasons that follow, the motion to quash is DENIED.

## I.     BACKGROUND

Plaintiffs Pullman Arms Inc., Guns and Gear, LLC, Paper City Firearms LLC, Grrr! Gear, Inc., and National Shooting Sports Foundation, Inc. filed suit on September 22, 2016, seeking a declaratory judgment that an Enforcement Notice (the "Notice") regarding assault weapons issued by Attorney General Maura Healey on July 20, 2016 is unconstitutionally vague and unenforceable.[1] (Docket #1). The Notice announces the Attorney General's intention to prosecute

---

[1] Plaintiffs later filed an amended complaint on December 13, 2016. (Docket #15).

those selling assault weapons in violation of the Massachusetts Assault Weapon Ban, Mass. Gen. Laws ch. 140, § 121, and outlines how she interprets the definition of "assault weapon" under the statute. (Docket #15, ex. 7). The Massachusetts Assault Weapons Ban was modeled after the federal Public Safety and Recreational Firearms Use Protection Act, 18 U.S.C. § 921(a)(30), also referred to as the 1994 Federal Assault Weapons Ban. Like the equivalent federal statute, the definition of "assault weapon" under the Massachusetts ban included, *inter alia*, 19 specific models of semiautomatic weapons ("Enumerated Weapons"); and "copies or duplicates of th[os]e weapons, of any caliber." Mass. Gen. Laws ch. 140, § 121. The phrase "copies or duplicates" is not defined under either the federal or state statute.

The Notice announces two tests that the Attorney General plans to use to establish whether a weapon is a "copy or duplicate" of one of the Enumerated Weapons: the "Similarity Test" and the "Interchangeability Test." (Docket #15, ex. 7 at 3-4). Under the Similarity Test, a weapon is considered a copy or duplicate of an Enumerated Weapon "if its internal functional components are substantially similar in construction and configuration to those of an Enumerated Weapon." (Id. at 3). Plaintiffs assert that the term "substantially similar" is vague, and that they are unable to discern which weapons the Attorney General considers to be copies or duplicates of the Enumerated Weapons. (Docket #15 at ¶¶ 76-78).

On August 18, 2016, the Attorney General issued a subsequent notice entitled "Guns That Are Not Assault Weapons" which set fort a list of guns that were exempted from the ban, including "any .22 caliber rifle." (Docket #15, ex. 9; Docket #48 at 2). Shortly thereafter, this subsequent notice was revised to clarify that semiautomatic rifles chambered for .22 caliber rimfire ammunition were exempted, and further added .17 caliber rimfire ammunition models and the Springfield Armory M1A to the list of weapons that are not assault weapons. (Id.).

On January 10, 2017, the Attorney General moved to dismiss the amended complaint. (Docket #22).  Judge Hillman denied the motion on March 14, 2018, holding that there was a sufficient "as applied" challenge to sustain the suit, namely "whether or not the firearms enumerated by the plaintiffs do or do not fall within the scope of the Attorney General's intent with respect [to] the definition of banned assault weapons."[2]  (Docket #48).  The Attorney General correctly states that Plaintiff's remaining claims only concern application of the Enforcement Notice to the following semi-automatic rifles:  (1) the Smith & Wesson M&P 15-22 and other .22 caliber rimfire AR-15 style rifles; (2) the Springfield Armory MIA; (3) the IWI Tavor; (4) the Kel-Tec RFB; (5) the FN PS90; (6) the Kel-Tech Sub 2000; and (7) the Beretta CX4 Storm.  (Docket #15).

Pursuant to Judge Hillman's scheduling order, the fact discovery deadline in this case is August 31, 2019.  (Docket #84).  Plaintiffs' written requests for discovery include two sets of interrogatories to the Attorney General, to which the Attorney General responded on April 23, 2019, and May 24, 2019, and ninety-nine requests for admission, to which the Attorney General responded on May 24, 2019.  (Docket #86, ex. 9-11).  The Attorney General also represents that it has produced approximately 200 documents in response to the Plaintiffs' request for production of documents.  (Docket #86 at 3).  Plaintiffs have also served subpoenas for documents pursuant to Federal Rule of Civil Procedure 45 on the four police departments, the Massachusetts State Police ("MSP"), the Massachusetts Executive Office of Public Safety and Security ("EOPSS"), and the Office of Governor Charlie Baker ("Governor's Office").  (Id.).  Plaintiffs have also

---

[2] In Doe v. Reed, 561 U.S. 186, 194 (2010), the Supreme Court distinguished "facial" challenges that generally seek to set aside a law or regulation and "as applied" challenges, where the relief is sought against a specific instance of the law's application to the particular circumstance of plaintiffs.  In his order on the motion to dismiss, Judge Hillman agreed that a facial challenge would be inappropriate.  (Docket #48 at 7).

noticed depositions of the Attorney General's Office and EOPSS and have expressed an intention to depose the Governor's Office and MSP pursuant to Federal Rule of Civil Procedure 30(b)(6).

On July 10, 2019, Plaintiffs served notices of deposition under Federal Rule of Civil Procedure 30(b)(6) seeking testimony from four Massachusetts police departments:  Holyoke, Worcester, Orange, and Agawam.[3]  (Docket #86, ex. 1-4).  As none of these police departments is a party to this lawsuit, on July 11, 2019, the Plaintiffs served subpoenas pursuant to Federal Rule of Civil Procedure 45 to compel the police departments' testimony.  (Docket #86, ex. 5-8).  Pursuant to the subpoenas, a representative of each of the police departments would be required to travel to the offices of Plaintiffs' counsel in Southborough, Massachusetts to be deposed.  (Id.).

II.     STANDARD

Unless otherwise limited by the court,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The scope of discovery, however, differs significantly between parties and non-parties. "To obtain discovery from nonparties, a party must establish that its need for discovery outweighs the nonparty's interest in nondisclosure."  Bio-Vita, Ltd. v. Biopure Corp., 138 F.R.D. 13, 17 (D. Mass. 1991); see Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998) ("Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation.   Non-parties have a different set of expectations.

---

[3] Plaintiffs are or were located in these four locations.  (Docket #15 at ¶¶ 5-8).

Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.").

III.     ANALYSIS

A regulation may be void for vagueness in violation of due process for either of two independent reasons.  First, if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited[.]"  F.C.C. v. Fox Television Stations, Inc., 567 U.S. 239, 253 (2012) (quoting United States v. Williams, 553 U.S. 285, 304 (2008)).  "Second, if it authorizes or even encourages arbitrary and discriminatory enforcement."  Hill v. Colo., 530 U.S. 703, 732 (2000).  The Supreme Court has expressed that the possibility for arbitrary and discriminatory enforcement is "the more important aspect of the vagueness doctrine."  Kolender v. Lawson, 461 U.S. 352, 357-58 (1983).  Plaintiffs state that the deposition subpoenas seek information regarding the second vagueness concern, specifically whether the law enforcement authorities most likely to enforce and apply the Notice understand the application of the tests to the firearms listed in the amended complaint. (Docket #88 at 4, 6).

In reviewing the Notice's language for vagueness, the court may consider how the challenged regulation has been interpreted by those charged with enforcing it.  See Cunney v. Bd. of Trs. of Grand View, 660 F.3d 612, 621 (2d Cir. 2011) ("In reviewing the ordinance's language for vagueness, 'we are relegated to the words of the ordinance itself, to the interpretations the court below has given to analogous statutes, and, perhaps to some degree, to the interpretation of the statute given by those charged with enforcing it.'") (quoting Grayned v. City of Rockford, 408 U.S. 104, 110 (1972)) (alteration omitted).  The Attorney General argues that the requested discovery is not needed because she has stated unequivocally through her responses to interrogatories and requests for admissions that the firearms identified in the amended complaint

are not "copies or duplicates" of an Enumerated Weapon.  (Docket #86 at 7-8).  However, she also specifically stated in her responses that her answer was subject to the limitation that "the AG is not the only law enforcement officer in Massachusetts who is authorized to enforce the Commonwealth's Assault weapons ban[.]"  (Id. at 16-19).  In light of this admission, the undersigned finds that the information sought from the police departments is relevant to the remaining issues in the case.  Additionally, the court finds that the discovery sought is proportional to the needs of the case and that the need for the information outweighs the police departments' interest in non-disclosure.

IV.    CONCLUSION

For the foregoing reasons, the Defendant's motion to quash (Docket #85) is hereby DENIED.  As the police departments are non-parties, and the court is aware of the special burden placed upon them in light of that status, the undersigned hereby directs Plaintiff to conduct the depositions at the Attorney General's Springfield office if so requested.


/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE