UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PULLMAN ARMS, INC.; GUNS and GEAR, LLC; PAPER CITY FIREARMS, LLC; GRRR! GEAR, INC.; and NATIONAL SHOOTING SPORTS FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MAURA HEALEY, ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS,<br><br>Defendant. | CIVIL ACTION<br>No. 4:16-cv-40136 |

**DEFENDANT'S STATUS REPORT**

**I.   Status of Discovery.**

Fact discovery closed in this matter on August 31, 2019.  All fact discovery is complete, except that the parties have agreed to conduct two previously scheduled third-party depositions, for logistical reasons related to unavailability of the witnesses, during September, after the close of the discovery period.

**II.   Status of the Case.**

Plaintiffs filed this action in September 2016 to challenge the Enforcement Notice, a publication of the Attorney General that "provides guidance on the identification of weapons that are 'copies' or 'duplicates' of the enumerated Assault weapons that are banned under Massachusetts law." *See* Amended Compl. Exhibit G (ECF Doc. No. 15-7).  Following the Court's ruling on the Defendant's Motion to Dismiss, this case is limited to an "as applied" vagueness challenge to application of the Enforcement Notice to certain makes and models of

1

semi-automatic rifles named in the Amended Complaint, together with a procedural due process challenge to application of the Enforcement Notice to those weapons.[1] *Pullman Arms, Inc. v. Healey*, 301 F. Supp. 3d 227, 232-234 (D. Mass. 2018). The weapons at issue are (1) the Smith & Wesson M&P 15-22 and other .22 caliber rimfire AR-15 style rifles; (2) the Springfield Armory M1A; (3) the IWI Tavor; (4) the Kel-Tec RFB; (5) the FN PS90; (6) the Kel-Tec Sub 2000; and (7) the Berretta CX4 Storm.[2] *See* Amended Compl., Requests for Relief ¶¶ 1, 5; Amended Compl., ¶¶ 62, 63, 68-71, 77-78, 81-83, 92-93, 96-98.

Contrary to the allegations in the Amended Complaint, discovery has made clear that gun sellers in Massachusetts, including each one of the gun-seller Plaintiffs, have been openly and continuously selling the guns at issue in the Amended Complaint since the time the Enforcement Notice was published. Indeed, several of the Plaintiffs acknowledged that they sold the guns named in the Amended Complaint, without consequence, *before the Amended Complaint was filed nearly three years ago*. There is no basis to believe that any gun seller or member of the public has been arrested, charged, or prosecuted under the Assault Weapons Ban for sale of any of the weapons at issue in the three years since the Enforcement Notice was published.

The Attorney General, like the Plaintiffs, is clear that the guns named in the Amended Complaint are legal to sell under the Massachusetts Assault Weapons Ban and Enforcement Notice. As an exhibit to the Amended Complaint establishes, the Attorney General's Office ("AGO") had publicly announced that .22-caliber semi-automatic rimfire rifles and the Springfield Armory M1A are not illegal "copies or duplicates" of enumerated assault weapons *even before the original Complaint was filed*. See Exhibit I to the Complaint, dated August 24,

---

[1] There is no claim for damages.
[2] The Amended Complaint does not seek relief with respect to the Kel-Tec Sub 2000 or Berretta CX4 Storm. *See* Amended Compl., Requests for Relief ¶¶ 1, 5.

2016 (listing .22-caliber rimfire rifles and the Springfield Armory M1A as guns that are not Assault Weapons under the Enforcement Notice). As to the other five more obscure rifle models as to which the Amended Complaint seeks relief, the AGO's Requests for Admissions in this matter state unequivocally that these weapons are not "copies or duplicates" under the Assault Weapons Ban or Enforcement Notice and are therefore legal to sell or own in Massachusetts. ECF Doc. No. 86-11; Response Nos. 1-38. The AGO clearly stated that any determination to the contrary by a Massachusetts law enforcement agency would not be "factually accurate." *Id.* at Response Nos. 3-6, 13-16, 20-23, 27-30, 34-37. The AGO then followed up on its website by confirming the gun-sellers' evaluation of those weapons—i.e., that the weapons are not "copies or duplicates" of enumerated assault weapons and are not covered by the Enforcement Notice. *See* AGO, *Frequently Asked Questions about the Assault Weapons Ban Enforcement Notice*, available at https://www.mass.gov/guides/frequently-asked-questions-about-the-assault-weapons-ban-enforcement-notice.

### III. Defendant's Scheduling Proposal.

The undisputed facts ascertained during discovery show that the Enforcement Notice has not applied and does not apply to any of the weapons at issue in this matter, such that the Plaintiffs and others have already been selling and may continue to sell these weapons in Massachusetts. There is, therefore, no actual controversy concerning whether the Enforcement Notice is vague "as applied" to these weapons. *See Pullman Arms, Inc. v. Healey*, 301 F. Supp. 3d 227, 232-34 (D. Mass. 2018). To the extent there ever was a controversy between the parties, it has been resolved by a combination of the Plaintiffs' own conduct and the Attorney General's legal position in this case.

It is long established that plaintiffs "must have a personal interest at stake throughout the litigation of a case." *Becker v. Fed. Election Comm'n*, 230 F.3d 381, 386 n.3 (1st Cir. 2000). Because the undisputed evidence demonstrates that the Plaintiffs' concerns, if ever valid, have been allayed, the Attorney General requests that this Court enter a revised Scheduling Order establishing deadlines for the parties to file motions for summary judgment. Under the Scheduling Order entered by this Court on March 11, 2019, and revised on June 18, 2019, the parties are entering a period of expert discovery. But, where the undisputed facts show that there is no genuine dispute as to any material fact between the parties, and that this Court can and should resolve this case as a matter of law right now, such expert discovery is unnecessary and would be wasteful of the parties' resources.

Thus, if the Plaintiffs do not dismiss their Amended Complaint in light of the discovery record in this matter, the Attorney General requests that this Court order a revised briefing schedule on summary judgment. Should this Court deny the Attorney General's Motion for Summary Judgment, only then would expert discovery be appropriate. The Attorney General proposes the following schedule for summary judgment briefing:

| | |
|---|---|
| Defendant's Motion for Summary Judgment | October 16, 2019 |
| Plaintiffs' Opposition and/or Cross-Motion for Summary Judgment | November 15, 2019 |
| Defendant's Reply (or Combined Reply and Opposition to Plaintiffs' Cross-Motion for Summary Judgment) | December 16, 2019 |
| (If Necessary, Plaintiffs' Reply) | January 15, 2019 |
| Hearing on Motion | Any date convenient to the Court after completion of briefing. |
| Further proceedings, including expert discovery, only if the proposed motion(s) are denied. | |

In the alternative, the Attorney General requests this Court to order a briefing schedule so that the parties may brief the jurisdictional defects in this case before any expert discovery takes place. Specifically, it is the Attorney General's position that this case is moot as to the Plaintiffs' as-applied vagueness and procedural due process claims, and that to the extent the Plaintiffs seek to press a vagueness claim based on prospective "arbitrary enforcement," such a claim is not ripe where there has been no enforcement of the Assault Weapons Ban or Enforcement Notice as to the weapons identified in the Amended Complaint. It would be a waste of the parties' time and resources to require this case to proceed with expert discovery, particularly where this Court likely lacks jurisdiction over the remaining claims in the case. Thus, should this Court decide not to amend the Scheduling Order to require full summary judgment motion before any expert discovery, the Attorney General seeks an opportunity to seek judgment on jurisdictional grounds alone before any expert discovery.

Under this alternative approach, the Attorney General would propose the following schedule:

| | |
|---|---|
| Defendant's Motion for Judgment on Jurisdictional Grounds | October 16, 2019 |
| Plaintiffs' Opposition | November 15, 2019 |
| Defendant's Reply | December 6, 2019 |
| Hearing on Motion | December 12, 2019 or another date convenient to the Court. |
| Further proceedings, including expert discovery. only if the proposed motion is denied. | |

Respectfully Submitted,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Elizabeth Kaplan
Elizabeth Kaplan BBO #568911
Julia E. Kobick, BBO #680194
Assistant Attorneys General
Gary Klein, BBO #560769
Special Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2559
Elizabeth.kaplan@state.ma.us
Julia.Kobick@state.ma.us
Gary.Klein@state.ma.us

Date:  September 10, 2019

**CERTIFICATE OF SERVICE**

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 10, 2019.

/s/ Elizabeth Kaplan
Elizabeth Kaplan
Assistant Attorney General