UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO.: 4:16-cv-40136-TJH

|  |  |
|---|---|
| PULLMAN ARMS INC, GUNS and GEAR, LLC, PAPER CITY FIREARMS, LLC, GRRR! GEAR, INC, and NATIONAL SHOOTING SPORTS FOUNDATION, INC.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MAURA HEALEY, ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' STATUS REPORT**

<u>Discovery Status</u>

The Plaintiffs intend to conduct two more depositions on September 13 and 20, 2019. These depositions were not conducted, even though scheduled before the discovery deadline, due to the witnesses' scheduling issues, and discovery will then be completed. Plaintiffs are also analyzing the deposition transcripts, which are only recently being prepared and provided, and the recently produced privilege log to determine whether any motions to compel are appropriate. During discovery, the Attorney General's office withheld documents and testimony during depositions on the basis of various privileges including the deliberative process, attorney client

privilege and work product doctrine. Any motion, if discussions to resolve the dispute are not successful, can be filed in two weeks.

Remaining Schedule

The Plaintiffs submit that the existing and previously ordered schedule remains appropriate for the parties.

The Office of the Attorney General presents the view in its status report that the remaining schedule should be changed. In doing so, the Office briefly previews its argument that the Office has cleared up any remaining confusion over the firearms identified in the complaint through amendments to its website, and therefore, the Plaintiffs' claims no longer amount to a justiciable controversy. This view is mistaken. There is ample evidence that confusion remains among retailers like the Plaintiffs and among law enforcement officials who may enforce the terms of the Notice.

First, the store representatives have stated that uncertainty remains even after the Office has issued clarifications.

The Grrr! Gear representative testified that although the store sold one Smith and Wesson 15-22 after the Office issued a clarification and before the amended complaint was filed, she got nervous that the Enforcement Notice applied to this firearm after re-reading the Notice, and Grrr! Gear did not sell another one of those firearms, out of confusion. Deposition of Christine Noyes, pp. 76 line 14 to p. 77, attached as Exhibit A.

The Guns and Gear representative testified that confusion remained even after the website was amended due to the frequent changes and a general fear and apprehension of what you could and could not sell. Deposition of Judith Sczcygiel, pp. 72, 128, attached as Exhibit B.

The Pullman Arms representative testified while it began to sell firearms listed in the complaint months after the Notice issued, it did so with "no clear understanding" if they were legal under the Enforcement Notice. Deposition of Kendall Watson, pp. 71-73, attached as Exhibit C.

Even the Office of the Attorney General has interpreted the Notice and its tests differently over time. In the *Worman et al v. Healey* case, C.A. No. 17-cv-10107-WGY, one of the civil investigators who was involved in drafting the Notice had served in the military and had experience with firearms. During his deposition, he was asked for his interpretation of the similarity test, and he testified that the similarity test only requires at least one substantially similar constructed component, provided the firearm is semi-automatic and takes a detachable magazine. This is <u>not</u> how the Office currently interprets that test when it applies the test to firearms.

The police department representatives deposed so far have testified that they do not know how to apply the tests to various firearms. To suggest that the case is now moot because the Office has cleared up any remaining confusion ignores this abundance of testimony and other evidence.[1]

For these reasons, the Plaintiffs see no reason to revise the existing schedule which calls for expert disclosures by October 15, 2019, and summary judgment motions to be served after experts are deposed, if the Attorney General and Plaintiffs deem that to be necessary. This

---

[1] The Attorney General states in her status report that each of the Plaintiffs have been openly and continuously selling the firearms at issue since the Enforcement Notices was published. This is not true. All of the stores ceased selling the firearms identified in the complaint after the Notice issued. Some of the Plaintiffs stopped selling certain identified firearms altogether. Others began to sell certain types again and then stopped again, while others continued to sell certain types while noting continued confusion and uncertainty remained.

remains the most efficient way to proceed for all parties.  At that point, the Office can raise any and all arguments it deems appropriate in one dispositive motion.

It would be an enormous waste of time, effort and money for the parties to postpone the expert disclosures and depositions, brief and argue summary judgment on mootness or any other limited issue, only to then exchange the disclosures and face a new round of motions if limited summary judgment were to be denied.  This argument and all others can be raised in a single, dispositive motion under the existing schedule.

For these reasons, the existing schedule should remain.

Plaintiffs' and Defendants' trial Experts must be designated by 10/15/2019.

Plaintiffs' and Defendants' trial experts must be deposed by 11/14/2019.

Dispositive motions due by 12/16/2019.

>Respectfully submitted,
>
>PLAINTIFFS,
>
>Pullman Arms Inc., Guns and Gear, LLC, Paper City Firearms, LLC, Grrr! Gear, Inc., and National Shooting Sports Foundation, Inc.
>
>By their attorneys,
>
>   /s/  David R. Kerrigan
>Christopher A. Kenney, Esq., BBO# 556511
>cakenney@KandSlegal.com
>David R. Kerrigan, Esq., BBO# 550843
>drkerrigan@KandSlegal.com
>Kenney & Sams, P.C.
>Old City Hall
>45 School Street
>Boston, MA 02108
>(617)722-6045

|  |  |
|---|---|
| Dated: September 10, 2019 | /s/  Michael J. Sullivan<br>Michael J. Sullivan, Esq.<br>msullivan@ashcroftlawfirm.com<br>Ashcroft Law Firm<br>200 State Street, 7th Floor<br>Boston, MA 02109 |

### CERTIFICATE OF SERVICE

I, David R. Kerrigan, Esq., hereby certify that the foregoing document was filed through the ECF system and was served electronically to the registered attorneys of record.

|  |  |
|---|---|
| Date: September 10, 2019 | /s/  David R. Kerrigan<br>David R. Kerrigan, Esq. |